## JOHN BISHOP *et al.*

*v.*

## JOHN GEORGESON.

1. EVIDENCE—*hearsay, inadmissible.* It is error for the court trying a cause to admit hearsay evidence. The party originally making the statement should be called and required to testify, and not a person who has heard the witness make the statements.

2. PARTNERSHIP—*proof of, where denied.* Where a partnership is denied by one of the persons sued, he can not be proved a partner by the acts or declarations of those claimed to be partners. Their declarations are admissible to prove them partners, but it is error, when such evidence has been adduced, to instruct the jury that, if they find from all the evidence that the person denying the partnership is a partner, then the declarations of either partner will bind the firm. Such instruction authorizes the jury to consider the evidence not applicable to the proof of partnership, by the person denying it, to make him a partner.

3. A person can not be made a partner in fact, or appearance, so as to bind him, unless by his consent, admissions or acts. The declarations or acts of others can have no such effect unless authorized or ratified by him.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. J. V. RANDALL and Messrs. WHEATON, SMITH & McDOLE, for the appellant

Messrs. DIVINE & PRATT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that appellant Bishop, in the autumn of 1867, and had, for some years previously, resided in Waukegan, in this State, and was engaged in the lumber trade at DeKalb. The business was conducted by F. W. Smith, in the name of Bishop. But in that fall they formed a partnership in that business, Smith still continuing to conduct it, and in addition thereto engaged in the business of erecting houses, and acted as an insurance agent. He continued to be thus engaged through the summer and fall of 1868. In building houses, he either furnished the material and employed the labor, or sub-let his contracts. In carrying on the business of erecting houses, one Griffin did the greater part of the work by himself and his workmen.

Some time in the fall of 1867, appellee called at the office of Smith, which was connected with the lumber yard, and applied for work as a carpenter. Smith referred him to Griffin, and he was employed. About the first of December of that year, Griffin and appellee settled their accounts, when it was found there was due to the latter $50, which was subsequently paid, a portion by Griffin and the remainder by Smith on Griffin's order.

Appellee continued to labor as before during the winter, and two or three times in the following spring and summer.

About the first of December, 1868, appellee becoming apprehensive of losing his pay, stated to one Wiley that Griffin contracted too low, and was losing money; that Griffin failed to pay his hands, and he could not afford to lose any more, and quit work, but said if Smith would become responsible, he would remain and finish the house on which he was then at work. Before quitting, he notified Smith that he would work no longer unless he would see him paid, but Smith declined, and he did no more work.

Appellee brought this suit, claiming that Bishop was a partner with Smith and Griffin in building; that he was employed by the firm to work on buildings they erected.

Smith, the proof shows, carried on the business of building in the name of F. W. Smith & Co.  He erected a shop near the lumber yard, in which Griffin prepared most of the materials for the buildings on which he was engaged.  Smith filed a plea denying that he was a partner of Bishop & Griffin, and all joint liability with them as partners, which plea was verified by affidavit.  Smith filed the general issue.

The venue of the cause was subsequently changed to Kane county, where a trial was had by the court and a jury, who found a verdict against the defendants.  A motion for a new trial was entered, which the court overruled and rendered a judgment in favor of plaintiff, and defendants appeal to this court.

The court below erred in permitting appellee to detail what the witness White told him in reference to his conversation with Smith.  It was but hearsay, and was, under no rule of evidence, admissible.  The mere fact that appellee expected to call White to testify to the conversation with Smith, and did call him, did not render it competent.  It was calculated to make an impression on the jury against appellants, and was introduced for that purpose, and being illegal, it should not have been admitted.

The court below gave for appellee this instruction :

" Although the declaration or admission of an alleged partner is competent testimony to establish the existence of a copartnership only as to the alleged partner making such declaration or admission, still, in this case, if the jury find, from all the testimony in the case, that the defendants were co-partners as to the plaintiff, as alleged, then the declaration or admission of each partner, so far as properly made, in and about the business of the co-partnership, is evidence against all the defendants."

This instruction does not, even if correct in principle, state the law with clearness.  A person can not be made a partner

in fact or in appearance, so as to bind him, except by his consent, admissions or acts. The declarations or acts of others can not bind him unless authorized to be done, or are subsequently ratified by him, after being informed of them.

The instruction proceeds to tell the jury that, if they find, from all the evidence, that defendants were co-partners, their declarations would bind the firm. This latter clause is repugnant to the first, and the jury might well understand from the entire instruction that, although Griffin's declarations or admissions, when considered alone, could not establish the partnership except as to himself, yet they might consider it with the other evidence in determining whether Smith was a partner. The instruction should have informed the jury that it must be proved that Smith was a partner by evidence independent of Griffin's statements, and if so proved, then the declarations of either partner in reference to the partnership business, would be binding on the firm. This may have been intended, but it is not so stated. The instruction was calculated to mislead, and should have been refused, or modified before it was given.

For these errors, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*