# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

THIRD DISTRICT—NOVEMBER TERM, 1885.

DE ROODE ROGERS ET AL.

v.

SUTTLE & SCROGGIN.

PARTNERSHIP—DECLARATIONS.—Appellants sued appellees as partners for certain goods furnished by the former to the latter as alleged. The question at issue was as to the alleged partnership, which was denied under oath by appellees after evidence had been introduced tending to establish such partnership. Appellants offered to prove the declarations of appellees, but the court would admit only such as were made when both were present. *Held*, that this was error. The admission of a party to the record is always received in evidence against him, and the mere fact that there is another sued jointly with him and that the admission may in terms affect both parties is no reason for rejecting the evidence as against him.

APPEAL from the Circuit Court of Logan county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed January 6, 1886.

Messrs. WALLACE & CADWALLADER, for appellants; that when the plaintiff has made a *prima facie* case of partnership he has the right to introduce anything said or done by either partner in reference to the partnership business, cited Rosco on Ev., 1 Am. from 2d Lon. Ed., 31; Nicholas v. Dowding,

(163)

1 Stark. 81; Hahn v. St. Clair Ins. Co., 50 Ill. 456 ; Smith v. Hill, 12 Am. R. 189 ; Story on Partnership, 106, 44, 64, 65 ; Smith v. Hulett, 65 Ill. 495.

Messrs. BEACH & HODNETT, for appellees ; that where the existence of a partnership is the question to be tried the admissions of one of the alleged partners are not admissible to establish the partnership, cited Hahn v. St. Clair S. Ins. Co., 50 Ill. 456 ; Gardner v. N. W. Mfg. Co., 52 Ill. 367.

WALL, P. J.   The appellants, who are manufacturers of cigars in Cincinnati, sued the appellees as partners conducting a restaurant at Lincoln, Ill., for the amount of certain bills of goods furnished by the former to the latter as alleged.

It was not disputed that the goods were furnished, but the question is whether the appellees are liable therefor.   The alleged partnership was denied under oath and the burden of proving it devolved upon appellants.

There was evidence tending to prove that appellees had, prior to the transactions in question, purchased a second-hand outfit for a restaurant, consisting of furniture, table ware, and other necessary articles, and had started in business at Mt. Pulaski, placing one Butler in control and giving him the sole management of the concern.   This was in the name of appellees, with their consent and under such circumstances as to estop them to deny that they were then partners.   After a time, the result not being satisfactory, Butler was permitted to remove the "outfit" to Lincoln, a larger town, where the same business was conducted and where the goods sued for were furnished on the order of Butler.   Upon the trial of the case the chief inquiry was as to the relations of the parties to the business at Lincoln, and whether Butler was acting on his own account or as the agent of the appellees.

Butler testified that the arrangement at Mt. Pulaski was continued at Lincoln, and that he was the agent of the appellees ; that the business was all done in their name and with their knowledge and consent; and if his testimony is to be credited they are liable.   Scroggin testified to the contrary, and

Rogers v. Suttle & Scroggin.

there was evidence tending to corroborate him, and also to show that the appellants had notice before the present account was made that appellees were in no wise connected with the business. The issue was sharply contested and was by the jury found in favor of appellees. Appellants assign error upon the action of the court in admitting and excluding evidence, and in reference to the giving of instructions.

Appellants offered to prove the declarations of appellees but the court would admit only such as were made when both were present. It is urged here, and the court so ruled, that it was not competent to show such declarations by one of the appellees in the absence of the other, and accordingly the court excluded a letter written by Suttle to Butler inclosing a license to retail cigars issued by the U. S. Internal Revenue Collector in the name of Suttle & Scroggin. The license was also excluded. Several rulings of this character were made, the propriety of which must now be considered.

The issue of fact was whether appellees were liable as partners to the appellants. It is conceded that it is not necessary to show that as between themselves they were in law, partners, but it is sufficient, if they have suffered themselves to be so held out to the world, and that appellants acting in good faith and with reasonable care in that respect were induced to part with their property upon that supposition. Story on Partnership, Sec. 64.

The appellants are bound affirmatively to prove this relation and consequent liability of appellees. How then may the necessary proof be made? It is a general rule that the declarations of a party to the record are as against such party admissible in evidence. 1 Gr. Ev. Sec. 171; and the rule applies to all cases where the party has any interest in the suit whether others are joint parties with him on the same side or not (Ib. 172); yet where there are several parties on the same side the admissions of one are not admitted to affect the others who are joined with him, unless there is some joint interest or privity in design between them. Ib. 174. The same author says (Vol. 2, Sec. 484): " A partnership may be proved against the parties by their respective declarations

and admissions whether verbal or in letter or other writings,"
and further on in the same section, after stating several illus-
trations of the rule, he adds, " In other cases the act, declaration
or admission of one person is not admissible in evidence to
establish the fact that others are his partners, " though it is
ordinarily sufficient to prove it as against himself." See also
Wait on Actions and Defences, Vol. 5, p. 113, where it is
said, " Admissions of the parties sought to be charged as
partners as well as their acts are competent evidence to show
a holding out to the world or to the parties dealing with them
that they are partners."

Counsel for appellees refer us to Hahn v. St. Clair, etc., 50
Ill. 456, and Gardner v. N. W. Mfg. Co., 52 Ill. 367, as sus-
taining their position. In each of those cases it was sought
to introduce the declaration of one defendant, not as against
him, but for the sole and avowed purpose of binding his
co-defendant upon the issue of partnership, and it was held
that such declarations were not so competent. No case has
been cited where such a declaration was held incompetent
against the party making it. In Bishop v. Georgeson, 60 Ill.
484, the Supreme Court recognize such evidence as competent
to charge the person who made the declaration.

The admission of a party to the record has always been
received in evidence against him and the mere fact that there
is another sued jointly with him and that the admission may
·in terms affect both parties is no reason for rejecting the
evidence as against him. If, in the present case, the appellants
had been told by Butler, when about to deal with him, that he
was the agent of appellees, who were partners, and the appel-
lants, seeking to verify the statement, had inquired of first
Suttle and then Scroggin separately, not finding them together,
would it be doubtful that the answers given are competent?

The declaration of A that he was liable with B as a part-
ner would not be sufficient of itself to show the joint liability
of the two, but such a declaration coupled with a similar
declaration by B, or other competent proof to that effect as
to the latter, would certainly suffice.

We are of opinion the court erred in excluding the letter

and the license, and other like evidence. Such testimony tended to prove the issue and was therefore competent as against the party to whom it referred. Of course joint liability must be made out, and no recovery could be had unless there was sufficient proof against each defendant to bind him as well as his co-defendant; and if, when the case closed, it was in such a condition as to render it appropriate to do so, the court should have advised the jury on this point by an instruction. The court modified several of the instructions asked and given for appellants so as to make it essential to a recovery that appellees were indeed partners. As it was only necessary to show that they so held themselves out or permitted it to be done, such modification was erroneous and must have misled the jury.

For the same reason the fourth instruction given for appellees while in a certain sense correct, as an abstract proposition, would, when considered in connection with the facts in evidence, have a misleading effect and should have been refused.

The fifth given for appellees was clearly bad in the same respect. The judgment of the circuit court will be reversed and the cause remanded.

Reversed and remanded.