Samuel T. Stillson *et al.*, Appellants, *v.* Warren Hill, Appellee.

### APPEAL FROM LaSALLE COUNTY COURT.

A plea in abatement denying a copartnership by one of several defendants, is not waived, by his filing at the same time a plea of non-assumpsit; these pleas, put in issue not only the existence of the partnership, but the whole cause of action, and may be tried as one issue.

This case is stated in the opinion of the court. The cause was tried before Cotton, Judge, of the LaSalle County Court, and a jury, at December term, 1855, of that court. There was a judgment in favor of the plaintiff below for $371.34, and costs. A motion for a new trial was denied. The county court refused to instruct the jury, that the plea in abatement was not waived, by the filing of the plea of the general issue.

Bushnell and Gray, for Appellants.

Glover and Cook, for Appellee.

Skinner, J. Hill sued Hallock and Stillson in assumpsit, declaring against them as partners. Stillson filed a plea in abatement, denying the alleged partnership, and also a plea of non-assumpsit. The court treating the plea in abatement as waived by the plea to the action, the cause was tried upon the general issue and judgment rendered for the plaintiff. The question for determination is, whether Stillson by his plea of non-assumpsit waived his plea in abatement.

At common law, pleas in abatement are regarded as dilatory defenses, which do not go to the merits of the action, and operate, if sustained, to defeat the present suit only, and not to determine the merits of the controversy, or to bar another action for the same cause; and such pleas are first in the order of pleading. And at common law the plaintiff suing the defendants as partners to maintain his action, under the general issue, must prove the partnership out of which the joint liability arises; and a plea to the action, or in bar, waives a plea in abatement. Our statute has changed the common law rule of evidence in this respect, by dispensing

with proof of partnership, under the general issue, and with it, we think, the rule of pleading. Statutes of 1856, p. 542.

In the case of *Warren* v. *Chambers*, 12 Ill. R. 124, this court held that, "In all cases, except where the foundation of the action is an instrument in writing, the execution of which is denied by plea, verified by affidavit, whether the action be upon contracts express or implied, in writing, or by parol, the defendants who are sued as partners, can only put in issue that fact by filing a plea in abatement, specially denying the partnership or joint liability," and that where the foundation of the action is an instrument in writing, the defendant may put in issue the partnership, or joint liability dependent thereon, either by plea in abatement denying the partnership, or by plea in bar, verified by affidavit, denying the execution of the instrument sued on. It, therefore, follows from this construction of the statute, that a defendant sued jointly with another as partners, is compelled to plead in abatement denying the partnership, to avoid the legal admission of his joint liability. Unless, then, he may also plead to the action, he may be deprived of defenses available at common law, and material to the proper administration of justice; for, if he pleads in abatement denying the partnership, upon the existence of which his joint liability depends, and the issue is found against him, the judgment is final; and, if he pleads in bar, he admits the partnership and consequent joint liability. 1 Chitty's Pl. 466; *McCartee* v. *Chambers*, 6 Wend. R. 649. The legislature could not have intended such consequence, or to change the legal rights of parties, except to dispense with proof in the cases named in the statute, where the defendant could not deny, under oath, the fact alleged.

It is true the view we take gives a plea in abatement denying the partnership, the same effect that a plea in bar and sworn to, denying the same alleged fact, would have, if allowed; but this result seems inevitable to maintain substantial common law rights of defendants. We hold that Stillson, by his plea of non-assumpsit, did not waive his plea in form in abatement, and that the two pleas put in issue not only the existence of the partnership, but the entire cause of action, and might be tried as one issue.

*Judgment reversed.*