# CHARLES N. HAHN, Impleaded, etc.

## *v.*

# THE ST. CLAIR SAVINGS AND INSURANCE COMPANY.

1. ADMISSIONS—*of one of several partners—how far binding upon the others.* Where in a suit against several as partners, one of the defendants puts the fact of the partnership in issue by plea in abatement, the admissions or statements of his co-defendants, made in his absence, in reference to the existence of the partnership, are not admissible in evidence against him upon that issue.

2. A partner can only bind a co-partner by his admissions, within the scope of the business of the firm; to that extent only does the law imply that each partner is the agent of the other.

3.   So, where certain persons, who are in partnership in a certain business, are sued as partners, with reference to another and a different business, and not within the scope of the former business of the firm, the admissions of one of the partners of the original firm are not binding upon, or admissible in evidence against his co-partners, upon an issue in that suit as to the fact of partnership.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Messrs. BILLINGS & WISE, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the St. Clair Circuit Court, against appellants, as partners, on a promissory note, which is as follows, with endorsement:

" $1,500.          BELLEVILLE, Ill., December 15, 1866.

" Ninety days after date we promise to pay to the order of Frederick Nagel, fifteen hundred dollars, value received, negotiable and payable without defalcation or discount, at the banking house of the St. Clair Savings and Insurance Company, with interest at the rate of ten per cent. per annum, from maturity.

" MEYER & Co.<br>" H. NAGEL."

"For value received I endorse the within note to St. Clair Savings and Insurance Company, and guarantee the payment thereof.

FREDERICK NAGEL."

The defendant Charles N. Hahn, filed a plea in abatement denying the partnership, and issue was joined on this plea and

a trial had, resulting in a verdict in favor of appellee; a motion for a new trial was entered, which the court overruled and rendered judgment on the verdict. Defendants bring the record to this court and ask a reversal of the judgment, because of the admission of improper evidence, and the refusal to give proper instructions.

It is objected, that the court erred in admitting evidence of the statements of Hahn's St. Louis partners, made when he was not present. While there can be no doubt that such admissions are proper to bind those making them, it is clear that they are not proper to charge Hahn. The formation of a new partnership for the purpose of carrying on a new and different business, was not, so far as we can see from this record, within the scope of the business of the firm in St. Louis, of which Hahn was a member, and a partner can only bind a co-partner by his admission within the scope of the business of the firm. To that extent only does the law imply that each partner is the agent of the other. It then follows that any admissions or statements made by either of the appellants when Hahn was not present, were not admissible to prove that he was a partner and jointly liable on the note. *Degan* v. *Singer*, 41 Ill. 28. There is a clear and palpable difference between the admissions of a partner to bind the firm after its existence is established, and admissions of a person who claims to be a member of a firm, the existence of which is in issue, and to prove which evidence is being heard.

From what has been said, it is obvious that the third instruction asked by Hahn should have been given. It asserted that admissions made by any of the appellants in the absence of Hahn were not legitimate evidence to prove that he was a partner. The refusal to give this instruction is well assigned as error.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*