52  367
25a  24

# JOHN D. GARDNER

*v.*

## THE NORTHWESTERN MANUFACTURING COMPANY.

1. EVIDENCE—*to prove a partnership.* The declaration of a purchaser of goods to the vendor, that some other person not present is jointly interested as a partner in the purchase, is no evidence whatever against such person to establish the partnership.

2. Nor is it competent, where the existence of the partnership is the issue on trial, for the court to decide that a partnership has been proven by evidence *aliunde*, and then admit the statements of one of the alleged partners to prove the partnership, on the principle that the statements of one partner are admissible against the other as to partnership matters.

3. Where the existence of the partnership is not the issue on trial, however, and the statements are not offered to establish a partnership, but relate to some other question, it may undoubtedly be sometimes the duty of the court to decide, in the first instance, whether a *prima facie* partnership has been proven, and if it has been, to let the statements go to the jury, with proper explanations.

Appeal from the Superior Court of Chicago; the Hon. Joseph E. Gary, Judge, presiding.

The opinion states the case.

Messrs. Hoyne, Horton & Hoyne, for the appellant.

Messrs. Waite & Clark, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action brought by the appellee against John D. Gardner and William D. Nichols, as partners, to recover the value of certain articles sold and delivered on the order of Nichols. Nichols made default, and Gardner pleaded the general issue, and a special plea denying the partnership. The issues thus formed were tried together, according to the rule laid down in *Stillson* v. *Hill*, 18 Ill. 262, and found for the plaintiff.

The business, in which Gardner had an interest of some kind, was transacted in the name of W. D. Nichols, and on the trial Nichols was sworn as a witness on behalf of plaintiff, and asked, on the examination in chief, "What he said to appellee as to who constituted 'W. D. Nichols,' when the goods were purchased ?" Crane, the vice-president of the manufacturing company, was also sworn, and was asked, "What representations, if any, did Nichols make to you before he got the credit ?" These questions were asked for the purpose of establishing the joint liability of Gardner, and were objected to by his counsel, but the objection was overruled. The answer was, that Nichols represented to the appellee, when he made the purchase, that Gardner was a silent partner, and Crane swears that appellee would not have sold the goods to Nichols alone, on credit. This evidence would undoubtedly have a strong influence with the jury, which would not be counteracted by any of the instructions afterwards given.

These questions should not have been allowed. What Nichols said to appellee, as to the silent partnership of Gardner, is not evidence against Gardner to prove that fact. The declaration of a purchaser of goods to the vendor, that some other person not present is jointly interested as a partner in the purchase, is no evidence whatever against such person to establish the partnership. It is, however, urged by counsel for appellee, that they had already proved the partnership, or made *prima facie* proof of it, by the evidence of Nichols, and if the court was satisfied by the proof made, it was its duty to admit this evidence, on the principle that the statements of one partner are admissible against the other as to partnership matters. Where the existence of a partnership is not the issue on trial, and the statements are not offered to establish a partnership, but relate to some other question, it may undoubtedly be sometimes the duty of the court to decide, in the first instance, whether a *prima facie* partnership has been proven, and if it has been, to let the statements go to the jury, with proper explanations. But where the existence of a partnership is the very issue which the jury are to try, as in the present case, and where the statements are offered merely to prove such issue, it is manifestly illogical to say the court may first decide the partnership has already been proven by evidence *aliunde*, and then decide that such statements are admissible in order to prove a partnership. It is plain, on a moment's consideration, that if a partnership, in fact, existed, and had been proven by evidence *aliunde*, Gardner would be liable for these goods, no matter what Nichols may have said to appellee, and the evidence should therefore have been rejected as immaterial, or, if there was no partnership, then the statements of Nichols, made in the absence of Gardner, and without his authority, could not bind him. There either was a partnership, or there was not, and either horn of the dilemma is fatal to this evidence. If Gardner had authorized Nichols to make these statements to the appellee, they would, then, of course, have been evidence, as the statements of Gardner himself; and if

24—52ND ILL.

he had thus held himself out as a partner, he could not now deny it. But it is not claimed by counsel, and there is no evidence, whatever, that Nichols was authorized by Gardner to make these statements.

The instructions are substantially correct. The third asked for the defendant and refused, was embodied in those given in a much better and clearer form. The judgment is reversed and the cause remanded.

*Judgment reversed.*