# FRANKLIN W. SMITH *et al.*

*v.*

# ELIAS B. HULETT.

1. EVIDENCE—*admission of defendant not served, to prove partnership.* Where three persons were sued as partners, two of whom only were served, and the other not appearing, and the principal question in issue was the existence of the partnership, the court below admitted in evidence the declarations of the defendant not in court: *Held,* that the court erred, as the declarations of the defendant not a party to the trial were not competent evidence to prove the partnership.

2. If all the defendants had been served, the admissions of either would have been admissible as against the party having made them, to establish the fact of a partnership as to him, if it was material to obtain a judgment against him.

3. SAME—*proof of partnership as to all, necessary.* Where three persons are sued as partners, and one of them is not served, and does not appear, and the fact of the partnership is in issue, it is necessary, on the trial, as to the two served, to prove the partnership as to the three.

APPEAL from the County Court of DeKalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of *assumpsit*, by Elias B. Hulett against Franklin W. Smith, John Bishop and Justus Griffin, the latter not served and made no appearance in the cause. The declaration contained the common counts only, but described the defendants as late co-partners. The trial was had as to the other two defendants, who each pleaded the general issue. Verdict and judgment for the plaintiff, and appeal by the two defendants to this court.

Messrs. WHEATON, SMITH & McDOLE, for the appellants.

Messrs. DIVINE & PRATT, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, commenced against Franklin W. Smith, John Bishop and Justus Griffin, to recover for work and labor. Smith and Bishop only were served with process. Griffin was not served, nor did he appear to the action. Smith and Bishop each filed a plea of the general issue.

The defendants, Smith and Bishop, were sought to be charged by virtue of an alleged partnership between them and Griffin.

A large amount of testimony was produced to establish the existence of the partnership, and in fact it was the real question at issue.

On the trial, against the objection of the defendants, the declarations of Griffin were admitted in evidence to prove the fact of partnership. One error assigned is the admission of such testimony.

Griffin, although his name was included in the summons, never having been served with process, was not a party to the suit. No judgment could have been had against him, and a judgment against the other two, under our statute, would be regular, without noticing him. Nothing was required to be

proved as against him, in order to obtain a judgment against him. If there had been, his admissions would have been competent. But the proof was only to be made as against Smith and Bishop, in order to recover a judgment against them. Although the partnership between the three was to be proved, it must have been done by competent evidence. As against Smith and Bishop, the declarations of Griffin were not competent evidence to prove a partnership.

One man can not thus affect another by his declarations.

If Griffin had been a party to the suit, his declarations would have been admissible as against himself, where material to obtain a judgment against him; but as he was not a party, there is no ground upon which they could be let in to prove the fact of partnership. 1 Greenleaf Ev. sec. 177; *Degan* v. *Singer*, 41 Ill. 28; *Gardner* v. *N. W. M. Co.* 52 id. 368; *Dutton* v. *Woodman*, 9 Cush. 256; *Allcott* v. *Strong*, id. 325; *Robbins* v. *Willard*, 6 Pick. 464; *Hahn* v. *St. Clair S. and Ins. Co.* 50 Ill. 457.

Because of the admission of this testimony, the judgment must be reversed and the cause remanded.

*Judgment reversed.*