G. W. MONTGOMERY AND H. C. CRAIG, PARTNERS,

v.

W. L. BLACK ET AL., PARTNERS.

*Partnership—Issue as to Existence of—Evidence—Practice.*

1. Where the question at issue is whether several persons are partners, the declarations or admissions of one of them in reference to the existence of the partnership, are inadmissible as against the others.

Montgomery v. Black.

2. The appellant can not complain that evidence offered by himself and in his interest was improperly admitted.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Adams County; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. IRA M. MOORE, for appellants.

The defendants by their conduct are estopped from denying that their firm name was W. L. Black & Company, for, by permitting a sign, W. L. Black & Company, dealers in hay, grain and agricultural implements, to be put up, or kept up, at their place of business; by contracting in the firm name of W. L. Black & Company; by receiving and selling goods in that name; by advertising in the papers that the firm of W. L. Black & Company were dealing in hay, grain and agricultural implements (St. Louis M. P. Company v. Parker, 59 Ill. 73; Ellis v. Bronson, 40 Ill. 555); by taking notes for agricultural implements, payable to W. L. Black & Company; by signing a note by the name of W. L. Black & Company; by using the letter heads in their common business, stating that they were dealing in hay, grain and agricultural implements (Ellis v. Bronson, 40 Ill. 455); by permitting W. L. Black to open an account in the name of W. L. Black & Company and draw checks in their name, they have held themselves out to the world as partners under that name. Fisher v. Bowles, 20 Ill. 396; Ellis v. Bronson, 40 Ill. 455; Carver v. Dows, Ia. 374; Stark v. Corey, 45 Ill. 431.

The defendants, Conner and N. S. Black, are not relieved from liability because they did not know, or did not have notice that W. L. Black was dealing with the plaintiffs, as he did, for he was their agent, and knowledge of the agent binds principal. Singer Manufacturing Co. v. Holdfodt, 86 Ill. 455. And notice to an agent is notice to the principal. St. P., F. & M. Ins. Co. v. Wells, 89 Ill. 82; Williams v. Tartnall, 29 Ill. 553.

Messrs. McMURRY & McMURRY and BONNEY & WOODS, for appellees.

CONGER, J. This was an action for assumpsit to recover upon a promissory note of $100, and a balance upon a bank account of $1,034.02, brought by appellants against William L. Black, Samuel N. Black and Charles C. Conner. The declaration charged that the two Blacks and Conner were partners, under the name and style of W. L. Black & Company, and as such liable for the note and bank account.

William L. Black was never served, and, so far as we can find from an inspection of the record, his appearance was not entered.

Samuel N. Black and Conner each filed a plea in abatement denying, under oath, their joint liability with the co-defendant. Upon these two pleas issue was joined, and the court below, a jury having been waived, found the issues for appellees, Samuel N. Black and Conner, and rendered judgment against appellants for costs.

The vital question raised by these pleas was, whether appellees, Conner and Samuel N. Black, were members of the firm of W. L. Black & Company. The evidence upon this point is quite voluminous, and it would subserve no good purpose to discuss it, as we see no good reason for interfering with the conclusion reached by the Circuit Court.

There were admissions and declarations of appellees and William L. Black as to who composed the firm of W. L. Black & Company admitted in evidence upon both sides of the controversy that we regard as incompetent testimony.

The existence of the partnership, as we have said, was the issue being tried, and in such case the admissions or statements of one defendant, in the absence of his co-defendants, in reference to the existence of the partnership, are inadmissible against his co-defendants. Hahn, etc., v. St. Clair S. & Ins. Co., 50 Ill. 456; Gardner v. N. W. M. Co., 52 Ill. 367.

Especially was it error to admit the statements of W. L. Black, who was not served, and was not appearing in the case, as to the issue of partnership, against Samuel N. Black and Conner. Smith v. Hulett, 65 Ill. 495.

The admission of this evidence being at the instance of appellants, and, if regarded by the court at all, being for their

benefit, is not a matter of which they can be heard to complain.

The conclusion reached by the court below, we think, was justified by the proper evidence in the case and, therefore, the judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*