GEORGE W. MONTGOMERY *et al.*

*v.*

WILLIAM L. BLACK *et al.*

*Filed at Springfield January 18, 1888.*

1. APPEAL—*reviewing facts—effect of affirmance by Appellate Court.* While this court may, upon a finding of fact by the Appellate Court, under the statute, or upon an agreed state of fact properly made up and presented, determine the rights of the parties as a matter of law, it can not go behind the judgment of the Appellate Court, and consider what inferences might arise from particular facts appearing in the bill of exceptions, as this would involve a review of the facts.

2. The judgment of the Appellate ·Court affirming a judgment in an action of assumpsit, must, in the absence of a finding of fact by the Appellate Court, be treated by this court as conclusively settling all controverted questions of fact necessary to the maintenance of the judgment. In such case, this court can look into the bill of exceptions, only for the purpose of determining whether the trial court, in its rulings, properly preserved, committed error, and whether the case has proceeded according to the orderly course of the law.

3. PARTNERSHIP—*liability of partners for the debt of co-partner.* If A, B and C should be partners, under some name other than A & Co., carrying on a particular business, as, selling agricultural implements, and A was engaged on his own account, under the firm name of A & Co., in buying and selling produce, and credit was extended to him in his private enterprise, with a knowledge of the facts by the creditor, B and C would not be liable with A for such debt.

4. EVIDENCE—*on the issue whether defendants were partners.* A, B and C were sued as partners, composing the firm of A & Co., B and C alone being served. The latter put in issue the fact of their being partners of A, by pleas in abatement, properly verified: *Held,* that the representations and admissions of A, that the firm name was A & Co., and as to who composed the firm, made out of the presence of B and C, were properly excluded by the court.

5. On an issue whether B and C were liable as partners of A, a witness testified that an account was opened by A, as A & Co., with a bank, whereupon the court asked the witness who composed the firm the bank opened the account with: *Held,* that the question was pertinent to the issue, and called for the fact who composed such firm.

6. PRACTICE—*improper answer by witness—error waived if no objection.* Where a witness is properly asked who composed the firm of A & Co., and

replies that A told him he had no partners, if the answer is not objected to, or a motion made to exclude it as hearsay, the admission of the evidence can not be assigned for error.

7. SAME—*preserving rulings of court trying case without a jury.* Where a cause is tried by the court without a jury, the parties may obtain the decision of the court upon all questions of law arising upon the facts, by presenting to the court propositions of law to be held or refused. By this course the rulings are preserved in the record, in the same way they are preserved by instructions in trials by jury.

8. PRESUMPTION—*in support of judgment below.* The presumption being in favor of the legality of the judgment of the lower court, he who insists that error has intervened in the proceedings must make such error manifest by the record, to procure a reversal. It will, in civil cases, be presumed that the law was correctly applied to the facts by the jury, or the court sitting as a jury, unless the record shows affirmatively to the contrary.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

This was an action of assumpsit, brought in the Adams circuit court, by appellants, against William L. Black, Samuel N. Black and Charles C. Connor, on a promissory note of $100 and a balance of over-draft in bank of $1038.02. The note was signed W. L. Black & Co., and the over-draft was in the name of the same firm, and to its debit. The declaration contains three counts and the consolidated money count. The first and second counts were upon the promissory note, and the third upon the same instrument, treated as a contract. The declaration charged that the said William L. and Samuel N. Black and Connor were partners, under the name and style of W. L. Black & Co., and as such made such note and over-draft, and were liable therefor. William L. Black was not served. Samuel N. Black and Connor each filed a separate plea in abatement, duly verified, denying their joint liability with each other, or with their co-defendant, W. L. Black. Replications were filed traversing these pleas, and a trial had on the issue thus presented, without the intervention of a jury, which resulted in finding the issues for the defendants, (appel-

lees here,) and judgment thereon, and for cost against appellants. No propositions of law were presented to the lower court to be held or refused. On appeal to the Appellate Court for the Third District, the judgment was affirmed, and this further appeal is prosecuted by the plaintiffs below.

Mr. IRA M. MOORE, for the appellants:

It being established, by the evidence, that defendants were partners, by some name, William L. Black, one of the firm, possessed full and absolute authority to bind all the partners by his acts or contracts in relation to the business of the firm, in the same manner and to the same extent as if he held full power of attorney from all the members of the firm. (*Pahlman* v. *Taylor*, 75 Ill. 629.) And this, even if they had not adopted a firm name. *Kitner* v. *Whitlock*, 88 Ill. 514.

While it may be true that the admissions of a defendant, not served, may not be admissible to prove that he was a member of the firm, still, after the fact is shown that he is actually a partner, by other evidence, then his admissions, acts and representations, within the scope of the partnership business, bind the firm. *Walsh* v. *Lennon*, 98 Ill. 27; *Bridge Co.* v. *Shannon*, 1 Gilm. 15; *Pahlman* v. *Taylor*, 75 Ill. 629.

If W. L. Black falsely represented that the firm name was W. L. Black & Co., and that the other defendants were members of the firm by that name, and thereby obtained the money or the checks of W. L. Black & Co., the other members of the firm thereby became liable. Bigelow on Estoppel, 467; *Griswold* v. *Haven*, 25 N. Y. 595.

The defendants, by their conduct, are estopped from denying that their firm name was W. L. Black & Co., for, by permitting a sign, "W. L. Black & Co., dealers in hay, grain and agricultural implements," to be put up, or kept up, at their place of business; by contracting in the firm name of W. L. Black & Co.; by receiving and selling goods in that name; by advertising in the papers that the firm of W. L. Black & Co. were

dealing in hay, grain and agricultural implements; *(St. Louis M. P. Co.* v. *Parker,* 59 Ill. 23; *Ellis* v. *Bronson,* 40 id. 455;) by taking notes for agricultural implements, payable to W. L. Black & Co.; by signing a note by the name of W. L. Black & Co.; by using the letter-heads in their common business, stating that they were dealing in hay, grain and agricultural implements; *(Ellis* v. *Bronson,* 40 Ill. 455;) by permitting W. L. Black to open an account in the name of W. L. Black & Co., and draw checks in their name,—they have held themselves out to the world as partners under that name. *Fisher* v. *Bowles,* 20 Ill. 396; *Ellis* v. *Bronson,* 40 id. 459; *Stark* v. *Corey,* 45 id. 431.

For the same reason the firm are estopped from denying that they were dealers in hay, grain, etc.

The defendants Connor and S. N. Black are not relieved from liability because they did not know, or did not have notice, that W. L. Black was dealing with the plaintiffs, as he did, for he was their agent, and knowledge of the agent binds the principal, *(Singer Manf. Co.* v. *Holdfodt,* 86 Ill. 456,) and notice to an agent is notice to the principal. *Insurance Co.* v. *Wells,* 89 Ill. 82; *Williams* v. *Tatnall,* 29 id. 553.

As between the firm and other parties who deal with a firm in good faith and without notice, it is not a matter of any consequence whether the partner is acting fairly with his copartners in the particular transaction or not. If he is acting within the apparent scope of his authority, and professedly for the firm, his acts and representations are binding upon the firm in favor of an innocent third party, however grossly, in point of fact, he may violate his duty toward his co-partners. By holding him out to the world as a partner in the particular business, they authorize the world to deal with him as possessing all the powers of a partner. Parsons on Partnership, 95, 115, 172; Bigelow on Estoppel, 457; *Pahlman* v. *Taylor,* 75 Ill. 629; *Carver* v. *Dows,* 40 id. 374.

There is no evidence in this case that the money received on the check drawn on the plaintiffs' bank was not used in the business of the firm.   The presumption, in the absence of any such proof, is, that these checks, made by William L. Black, were made in the course of the partnership dealings, and if the other partners seek to avoid the repayment of the money received on these checks, the burden of proof lies upon them to show that they were given in a matter not relating to the partnership business, and that fact was within the knowledge of the plaintiffs.   *Gregg* v. *Fisher,* 3 Bradw. 265 ; *Bartlett* v. *Powell,* 90 Ill. 331.

Messrs. McMurray & McMurray, and Messrs. Bonney & Woods, for the appellees :

The finding of this controverted fact, by the Appellate Court, in favor of appellees, is conclusive upon this court, and precludes any review of such fact.   2 Starr & Curtis' Stat. p. 1851, par. 90 ; *Brownell* v. *Welch,* 91 Ill. 523 ; *Hewitt* v. *Normal School District,* 94 id. 528 ; *National Bank* v. *Proctor,* 98 id. 558 ; *City of Joliet* v. *Seward,* 99 id. 267 ; *Kreigh* v. *Sherman,* 105 id. 49 ; *Capen* v. *Glass Co.* id. 185 ; *Steinman* v. *Steinman,* id. 348 ; *Railroad Co.* v. *Morgenstern,* 106 id. 216 ; *Paddon* v. *Insurance Co.* 107 id. 196.

This cause was tried by the court, without the intervention of a jury, and no propositions to be held as law were submitted by either party, and in such cases the finding upon mixed questions of law and fact is conclusive upon this court, as the court below is presumed to decide the law correctly, and appellants have not furnished the means of determining that it did otherwise.   *Hobbs* v. *Ferguson's Estate,* 100 Ill. 233 ; *Steinman* v. *Steinman,* 105 id. 349 ; *Tibballs* v. *Libby,* 97 id. 552.

Mr. Justice Shope delivered the opinion of the Court :

The declaration alleged that William L. Black, Samuel N. Black and Charles C. Connor were partners, under the firm name and style of William L. Black & Co., and that said firm

made the undertakings and promises therein alleged, and were indebted to the plaintiffs, as therein mentioned. The pleas put in issue the partnership and joint liability of Samuel N. Black and Charles C. Connor, severally, for the undertakings and promises of said firm of W. L. Black & Co., to plaintiffs in the declaration mentioned. No other issue is presented by the pleadings. The issue of fact thus formed was submitted to the court, without a jury, for trial. In such cases it is competent for the parties to obtain the decision of the circuit court upon all questions of law arising upon the facts, by presenting to the court propositions of law, to be held or refused, as provided by section 42 of the Practice act. By pursuing this course the rulings are preserved in the record in the same way they are preserved by instructions in trials by jury.

The presumption is in favor of the legality of the judgment of the lower court, and he who insists that error has intervened in the proceedings of that court must make such error manifest by the record. Appellants having failed to preserve the rulings of the court, as might readily have been done in the mode provided by the statute, are in no better position to question the correctness of such rulings in this court than if they had submitted their case to a jury without instructions. It will, in civil cases, be presumed that the law was correctly applied to the facts by the jury, or the court sitting as a jury, unless the record affirmatively shows to the contrary. *Tibballs et al.* v. *Libby,* 97 Ill. 552; *Hobbs* v. *Ferguson's Estate,* 100 id. 233; *Steinman* v. *Steinman,* 105 id. 349.

The judgment of the Appellate Court, affirming the judgment of the circuit court, must, in the absence of a finding of fact by the Appellate Court, be treated in this court as conclusively settling all controverted questions of fact necessary to the maintenance of the judgment adversely to appellants. *Brownell* v. *Welch,* 91 Ill. 523; *Commercial National Bank* v. *Proctor,* 98 id. 558; *Kreigh* v. *Sherman,* 105 id. 49; *Steinman* v. *Steinman, supra; Paddon* v. *People's Ins. Co.* 107 id. 196.

In such cases we are permitted to look into the bill of exceptions only for the purpose of determining whether the circuit court, in its rulings, properly preserved, committed error, and whether the case has proceeded according to the orderly course of the law. The facts having been settled beyond question, with no right of review by this court, to be adverse to the right of recovery by appellant, and the presumption being that the law was correctly applied, it follows that the judgment of the Appellate Court must, under the errors here assigned, be affirmed, unless error is shown in the exclusion or admission of evidence. Very many points are made by counsel for appellants upon particular facts appearing in the record, as, that by a certain fact appellees are estopped from denying that the firm name of the firm of which they were members, was W. L. Black & Co.; that the declarations of W. L. Black, put in evidence by appellants, as to the name of the firm, and who composed it, as a matter of law made his contract with plaintiffs, in the name of said firm, binding upon appellees, and others of like purport.

The contention last referred to will serve to illustrate as to all others. Stated in the language of counsel, the proposition is: "It being an uncontroverted fact that W. L. Black was a member of the firm, his representations and admissions, under the circumstances, that the firm name was W. L. Black & Co., as a matter of law binds his partners, and that a contract for his firm, in that name, binds his firm." If the correctness of the rule stated be conceded, and waiving the question of the admissibility of the declarations of W. L. Black, made out of the presence of appellees, as to who composed the firm of W. L. Black & Co., which, upon the issue made by the plea, can not be conceded, (see *Hahn* v. *St. Clair Savings and Ins. Co.* 50 Ill. 456, *Gardner* v. *Northwestern Manf. Co.* 52 id. 367, *Smith* v. *Hulett,* 65 id. 495, 1 Greenleaf on Evidence, 177,) but of which appellants can not complain, it is manifest appellants, for the reasons already stated, are in no condition to raise that

question in this court. On looking into the record, it appears that the premise here assumed by counsel was the central point of controversy. The inquiry was, were appellees members of the firm of W. L. Black & Co., and liable for its obligations? Suppose it be true that the two Blacks and Connor, under some name other than that of W. L. Black & Co., were partners, carrying on a particular business, as, selling dry goods or agricultural implements, and that W. L. Black was engaged on his own account, under the firm name of W. L. Black & Co., in buying and selling produce, and the plaintiffs extended credit to W. L. Black, in his private enterprise, with knowledge of the fact, would S. N. Black or Connor be liable for such credit? Manifestly not. Yet the foregoing was, in substance, the contention of appellees.

While this court may, upon a finding of fact by the Appellate Court, under the statute, or upon an agreed state of facts properly made up and presented, determine the rights of the parties thereon, as a matter of law we can not go behind the judgment of the Appellate Court, in cases like this, and consider what inferences might arise from particular facts appearing in the bill of exceptions. This would necessarily involve a review of the facts, which is not permitted to us, and a determination therefrom of whether the inference to be drawn from the particular fact is or is not controlling, in view of the other facts and circumstances proved.

There is no force in the contention that the court erred in the admission or exclusion of testimony. Upon the most careful consideration of the record, with a view to determine if error intervened with this regard, we are unable to say there was prejudicial error. The evidence tended to show that the firm of Black, Connor & Co. was composed of W. L. Black, S. N. Black and C. C. Connor; that said firm was engaged in the sale of agricultural implements, and kept their accounts at the bank of Burguesser & Motter. Also, that there was a firm, styled W. L. Black & Co., engaged in buying and selling

hay and other farm products, that usually kept its account at plaintiffs' bank, but in March, 1882, opened an account with Burguesser & Motter. A witness testified that the account was opened with Burguesser & Motter by W. L. Black, as W. L. Black & Co. Thereupon the court asked the witness, "Who composed the firm you opened an account with?" The question was objected to by appellants, the objection overruled, and exception taken. The question was pertinent to the issue being tried, and called for the fact as to who composed said firm. The witness, however, replied, "W. L. Black told me he had no partners," and it is objected that this is hearsay, and incompetent. If so, the answer not having been objected to, or a motion made to exclude it, its admission is not error of which appellants can complain.

The record is very voluminous, and we have carefully considered the various errors pointed out, and in view of the issue being tried, and the complicated state of fact, we are not prepared to say that the court erred in admitting evidence of the dealings of the various firms, and the accounts kept by them, respectively. Such evidence tended to illustrate better, perhaps, than could be done any other way, the course of dealing between the plaintiffs and W. L. Black, and between those parties and appellees. The same may be said of the evidence called out on cross-examination of appellants, of the publication of notice of the dissolution of a former partnership between W. L. Black and one Hoke, as tending to show knowledge by plaintiffs of who composed the firm of William L. Black & Co. The judgment rendered by the circuit court upon the issues is justified, if the facts proved warranted it. That they did so has been determined by the only tribunals authorized by law to pass upon the questions of fact, and there is no error of law for which a reversal should be entered.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*