## William H. Dooley v. James Vance.

1. ESTOPPEL—*By Representations.*—Where a person knowingly induces another to rely, in good faith, upon the existence of a certain condition of things, he will be estopped from afterward denying, to the prejudice of such person, that such a condition of things did exist.

**Trover.**—Appeal from the Circuit Court of McLean County; the Hon. JOHN H. MOFFETT, Judge. presiding. Heard in this court at the May term, 1901. Affirmed. Opinion filed September 11, 1901.

DEMANGE, PEIRCE, OWEN & OWEN, attorneys for appellant.

WELTY & STERLING and EARLE D. RIDDLE, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

The appellant sued the appellee in the Circuit Court of McLean County in an action of trover to recover the value of ten young steers which it is charged appellee obtained from one Samuel Hickman, but which, in fact, were the property of appellant.

Appellee claimed that said Hickman was the agent or partner of appellant, and that he had purchased the steers of Hickman and paid him for them. Appellant denied that Hickman was his partner or agent. The jury found for appellee and the court entered judgment upon the verdict in bar of the action.

While counsel for appellant make some complaint about the rulings of the court upon the evidence and instructions, they fail to point out wherein such rulings were prejudicial or erroneous, and seek to obtain a reversal of the judgment principally upon the ground that the verdict is contrary to the evidence.

Appellant himself, while admitting that Hickman bought and sold cattle for him for some time before the steers in question were purchased by appellee, denies that he had

authority to sell and receive the purchase price of the steers. But a number of persons testified that before and after the time in question, appellant permitted Hickman to buy and sell cattle for him, and to pay and receive the money for them, and that he frequently referred to Hickman as his partner, and at other times as his agent in such matters.

Under which circumstances, we fully agree with the jury and the trial judge, that appellee was justified in purchasing the steers from Hickman and paying him for them, notwithstanding he believed that appellant either owned them or had an interest in them with Hickman as his partner.

The judgment will therefore be affirmed.