## William F. Flock, Appellee, v. Judson T. Williams, Appellant.

### Gen. No. 5,652.

1. Evidence—*existence of partnership.* In an action to charge defendants, as copartners, with certain goods delivered, it is not error to admit a pamphlet caused to be published by one of the defendants before the account sued on commenced, in which he referred to his codefendant as the managing partner in the business for which the goods were delivered.

2. Evidence—*contract as to joint enterprise admissible to prove partnership.* In an action to charge defendants, as copartners, for goods delivered, it is not error to admit a contract which provides for a joint enterprise between defendants as to the business for which the goods were furnished and which is *prima facie* proof of a partnership.

3. Evidence—*when sufficient prima facie proof of partnership to make declaration of members admissible.* A contract between codefendants which shows a community of property, of interest, of profits, and of management in a certain business makes a sufficient *prima facie* showing of a partnership between defendants to authorize the admission of declarations of either in relation to the business, whether made in or out of the presence of the other and with or without the other's consent.

4. Evidence—*when order of proof not insisted on.* If during trial sufficient proof is introduced, courts do not stand on the order of the proof.

5. Partnership—*when person liable as partner.* One is liable as the partner of the person who ordered certain goods, on the ground that he held himself out to the world, as a partner of such person where in a pamphlet published by him he allows such person to be referred to as the managing partner of the business for which the goods were sold.

6. Partnership—*when estopped to deny.* One is estopped to deny the existence of a partnership with a person who ordered certain goods if a pamphlet, which he published, referring to such person as managing partner, came into the hands of the seller of the goods and the seller was informed of the alleged partnership and gave credit on the strength of it.

7. Partnership—*liability as partner for goods delivered.* One is liable for goods furnished if a person, alleged to be his partner, asked that they be charged to the partnership, he held himself out to the seller as a partner, and the goods were used in the alleged partnership business for the alleged partner's benefit.

Appeal from the City Court of Sterling; the Hon. HENRY C. WARD, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed October 15, 1912.

A. A. WOLFERSPERGER, for appellant.

N. G. VAN SANT and ROBERT W. BESSE, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee sued appellant and one Hirleman, charging them as copartners for seed and various other articles delivered to a certain farm known as "Woodlawn Farm No. 2" in this proceeding. Hirleman filed a plea of discharge in bankruptcy, and proved his plea, which eliminated him from the case. Appellant filed a plea denying the partnership alleged. The jury found the issues against appellant. A motion for a new trial was made, and overruled, and judgment was entered on the verdict for the amount thereof, $160.63 and costs. There is no doubt under the evidence but what the goods sued for were bought of appellee by Hirleman on credit, and that they were used on the farm in question, and were mostly for seed.

The vital question in the case is whether or not appellant and Hirleman were partners at the time the goods were purchased, in so far as the rights of third parties were concerned?

It becomes necessary at first to determine whether or not a *prima facie* case of such a relation was shown by the evidence, and then to determine whether or not that *prima facie* case was rebutted by appellant, or whether or not the evidence as a whole, if a *prima facie* case was first made, shows a preponderance in favor of appellee. Where sufficient evidence has been given to raise a fair presumption that two or more persons are partners, then the acts and declarations of each are admissible as evidence against the others to strengthen the *prima facie* case already established. Conlan v. Mead, 172 Ill. 13. If the evidence of a part-

nership relation has been *prima facie* established, the acts and declarations of the alleged copartners, though not done or made in each other's presence, are admissible in aid of the *prima facie* case. Daugherty v. Heckard, 189 Ill. 239. The account sued on this case commenced on February 28, 1908. Under date of February 20, 1908, appellant caused to be published a pamphlet, in which Hirleman was alluded to as the managing partner of the farm above mentioned, namely Woodlawn Farm No. 2. This publication was the act of appellant. He procured and paid for the publication. The publication was the first documentary evidence offered. The offer was objected to, and the objection was overruled. There was no error in overruling the objection. The basis of the objection was that it was incompetent and immaterial. We think it was admissible and competent because it tended to prove the issue. It was a statement, or act, of appellant in or by which he named said Hirleman as a partner on Woodlawn Farm No. 2. Appellee knew of this publication, read it, and understood it before he commenced to sell the goods in question. We think the publication was sufficient to lead appellee, or others, to suppose that appellant was a partner of Hirleman in the farm business. Any conduct on the part of a person reasonably calculated to lead others to suppose he is a partner in a particular business, amounts to a holding out on his part, for by such conduct he lends his credit to the concern. Dooley v. Vance, 97 Ill. App. 42. Next was offered in evidence a contract between said Hirleman and appellant, proved to have been executed by each of them. It was objected to because of being incompetent, immaterial, irrelevant and as not tending to establish in any way any partnership relation between the parties. The objection was overruled, and in this we think there was no error. This contract does not provide for any rents, or the payment of any rent. It requires each party to furnish one-half of the live stock, machinery, seeds, etc.,

and to pay one-half of various expenses, and provides for a division of what the farm produced; that no farm produce or live stock should be sold without the consent of both parties; that Hirleman was to have the management of the business, subject to the consent and approval of appellant, and that in case of disagreement as to certain things, the decision of appellant was to be final. It will be seen that in the business the parties in all substantial matters were to pay for furnishing equally and pay the expenses equally, and share the proceeds of the farm equally, and that appellant reserved the right to equally control, at least, the business, for by the terms of the agreement, while Hirleman was to have general charge of the business, it was all to be subject to the consent and approval of appellant. It was a joint enterprise of furnishing, paying the expenses, and in the management—a community of property, a community of interest, a community of profits and a community of management. We think this agreement was proof *prima facie* of a partnership, and it is readily distinguished from the contracts mentioned in the cases cited by appellant as to farm leases; and appellant on February 20, 1908, alluded to Hirleman as the managing partner of that farm. We think this document was properly introduced in evidence, and made a *prima facie* case sufficient to authorize receiving in evidence the declarations of either Hirleman or appellant in relation to the partnership business, made in or out of the presence of the other, and with or without the other's knowledge or consent. This evidence was offered in the proper order of the introduction of testimony technically, but in the holding of the Supreme Court in Daugherty v. Heckard, 189 Ill. 246, of the opinion, even if such declarations were offered prematurely, the error, if any, in such offer, would not demand reversal if the *prima facie* proof was produced in the further course of the trial.

Courts do not stand on the order of the proof if dur-

ing the trial sufficient proof be introduced. Hirleman testified that he told appellee when he started to trade there to charge the goods to Williams & Hirleman.

The agreement between appellant and Hirleman provided that at the close of the business the parties should attempt to divide what was then on the farm, and that if they could not agree a public sale should be held and a division made in that manner. Hirleman testified that he and his man prepared a sale bill and took it to the Sterling Standard. The publisher of the Standard testified the sale bill was brought to him by Hirleman. Hirleman testified that changes were made in the copy of the sale bill furnished the printer; that such changes were made by appellant, as witness supposed, and that testimony was allowed to stand as given, and was not denied by appellant. The sale bill purported to be signed by Hirleman and appellant. The sale took place, and notes were taken from different purchasers at the sale, payable to Williams & Hirleman, and indorsed by appellant in the name of Williams & Hirleman. Appellee testified that during the running of the account he had a talk with appellant in which appellant said, "Be sure and don't get our accounts mixed; keep them straight," and appellee told him he would be careful. It seems from the evidence that Williams also, at that time, was engaged in running other farms. Appellee testified that he presented and made known to appellant the amount of the account; that the amount was $160.63, and that appellant at no time during the life of the account ever denied that that was the relation between him and Hirleman, whereby the goods were charged to the two, which testimony was given without objection, and that no part of the account was ever paid to him.

Hirleman also testified that he told appellee the account was all right, so that if a partnership relation existed, or appellant had held himself out to appellee as a partner, the declarations of Hirleman would be

binding upon him. Appellant in no way attacks the amount of the bill, or the fact that the goods were delivered by appellee to Hirleman for use on the farm in question, so that if the partnership is shown by the evidence and the facts and circumstances in evidence, appellant would be liable therefor.

We hold that appellant held himself out to the world and to appellee in such a manner as to make him liable as a partner with Hirleman when he allowed Hirleman to be alluded to as the managing partner of the farm in the pamphlet in question, which came to the possession and knowledge of appellee before he commenced to sell the goods. Appellee testifies that he was so informed, and gave credit on the strength of it, and if he did, we think appellant is estopped to deny the existence of the partnership. Appellee was told by Hirleman to charge the goods to Williams & Hirleman, and if they were in fact partners, or if appellant before the goods were furnished held himself out to appellee as a partner, and appellee furnished the goods, and they went to the farm in question for the joint benefit of appellant and Hirleman, appellant is liable for the price thereof.

We see no reversible error in the admission or refusal of evidence.

We have read each instruction given, and while the first instruction is an abstract one, and its refusal would not have been error, yet, as an abstract rule of law, it, as a whole, announces the law of partnership. The second instruction might be criticised for the same reason, but we cannot see how the verdict could have been different, if they had both been refused. The third, fourth, fifth and eighth instructions are criticised because there was not evidence on which to base them. We think they are not open to that criticism.

We approve of the conclusions reached by the jury and the trial court upon the fact that a partnership existed, and that this indebtedness was incurred in the partnership business. Judgment affirmed.

*Affirmed.*