Burt Zaiser Company, Defendant in Error, v. Herman Claussen and William Knight, trading as Claussen & Knight. William Knight, Plaintiff in Error.

### Gen. No. 6,231.

1. PARTNERSHIP, § 51*—*when declarations of partner as to the existence of are inadmissible.* The declarations and acts of an alleged partner are not admissible, in an action against the alleged copartners, upon the question of the existence of a partnership where such alleged partner was not served and did not appear.

2. WITNESSES, § 43*—*when wife of alleged partner is incompetent as a witness.* The wife of an alleged partner who was not served and did not appear is incompetent under section 5 of the Evidence Act (J. & A. ¶ 5522) to testify to conversations between him and his alleged copartner and a third person, in an action against the alleged copartners, since the husband is interested in the event.

Error to the City Court of Kewanee; the Hon H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed August 7, 1917.

JAMES N. CUMMINGS, for plaintiff in error.

STURTZ & EWAN, for defendant in error.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

Burt Zaiser Company, a corporation, sued Herman Claussen and William Knight, as partners, in assumpsit, on a bill for $416.80 for a scale and groceries claimed to have been furnished by the plaintiff to the defendants. Claussen was not served and did not appear either as a party or as a witness. There was a verdict and judgment for the full amount against Knight, and he prosecutes this writ of error. The controlling questions are whether Knight was a partner

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of Claussen at the time the goods were contracted for, and whether he had held himself out to plaintiff's salesman as such partner, or knowingly permitted Claussen to so hold him out and would be estopped to deny the partnership. Plaintiff's salesman testified to a conversation between himself and Knight and Claussen at the time the first order for the goods was taken, which testimony, if true, proved the partnership, or at least proved declarations of Claussen acquiesced in by Knight that would estop Knight from denying that the partnership existed. The court then, over Knight's objection, permitted the plaintiff to prove various subsequent statements and acts of Claussen out of the presence of Knight and without his knowledge, tending to prove the partnership.

Counsel for Knight say that the general rule is that after a prima facie case has been made, then acts, declarations and admissions of one alleged partner may be offered in evidence in aid of such prima facie case; that the rule is so held in *Conlan v. Mead*, 172 Ill. 13, and *Daugherty v. Heckard*, 189 Ill. 239, but that it does not apply in a case like this where one of the alleged partners is not served and does not appear. That rule of evidence is announced by the Supreme Court in the two cases above cited, and has been followed by this court in *Reynolds v. Radke*, 112 Ill. App. 575; *Hohnadel v. Ellsworth*, 154 Ill. App. 484; and *Flock v. Williams*, 175 Ill. App. 319.

*Smith v. Hulett*, 65 Ill. 495, is relied on in support of the proposition that because Claussen was not served and did not appear his declarations were not competent evidence. The question seems to be there raised and decided and the judgment reversed, because, under those circumstances, the declarations of a partner not served were admitted in evidence. It does not appear whether a prima facie case of partnership was made, but the evidence was held incompetent because the alleged partner, not served, was

not a party to the action. That case is cited in *Montgomery v. Black*, 124 Ill. 57, 63, to the point that the declarations of an alleged partner, not served, are not competent in support of the allegation of partnership. In *Gardner v. Northwestern Mfg. Co.*, 52 Ill. 367, it is said: "Where the existence of a partnership is the very issue which the jury are to try, * * *, and where the statements are offered merely to prove such issue, it is manifestly illogical to say the court may first decide the partnership has already been proven by evidence *aliunde*, and then decide that such statements are admissible in order to prove a partnership." In the present case Knight, as a witness, denied the material part of the conversation testified to by plaintiff's salesman. If Knight's testimony was to be believed, he was not at the time in question a partner of Claussen, and neither said nor did nor acquiesced in anything Claussen said furnishing grounds for the assumption that he was a partner. The testimony of each salesman and Knight was to some extent corroborated by other evidence, leaving a fair question of fact for the jury to decide. Under that state of evidence the contention of defendant in error is that Claussen's declarations and acts were admissible, and might serve to turn the scale in favor of the proposition of partnership in weighing evidence that would otherwise be equally balanced, or preponderate in favor of the reverse. This position is not much controverted by plaintiff in error, except on the ground that Claussen was not served and did not appear. There seems to be a conflict in the Illinois cases, but whatever the rule might have been had Claussen been served or appeared on the trial, we conclude that the court erred in admitting that character of proof, because he was not served and did not appear.

The wife of Claussen was present and heard the conversation in question between her husband and Knight and the plaintiff's salesman. Knight offered

her as a witness in support of his testimony as to what her husband and he said on that occasion. The court properly sustained an objection on the ground that she was the wife of Claussen. It can hardly be said that Claussen was not interested in the event of the suit. Under section 5 of our Evidence Act (J. & A. ¶ 5522) she was not competent to testify to admissions or conversations of her husband made by him to a third person.

Error is well assigned on the third instruction given for plaintiff in error, which is not in accord with our conclusions of law before stated.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*