Consumers Petroleum Company, Appellee, v. Henry Sugar and Joseph Siegel, Trading as Roosevelt Baths & Hotel, Defendants. Joseph Siegel, Appellant.

Gen. No. 32,871.

Opinion filed November 19, 1928. Rehearing denied December 3, 1928.

KOVEN & PERLMAN, for appellant.

WILLIAM JAFFE, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this appeal Joseph Siegel seeks the reversal of a judgment against him of $1,866.78, in an action tried by the court wherein plaintiff sought to recover payment for fuel oil claimed to have been sold and delivered to the defendants as partners. Henry Sugar was not served with summons. The record does not show that any summons was ever issued against him nor did he appear in the case.

By his affidavit of merits Joseph Siegel denied that he had purchased the merchandise from plaintiff and denied that he was ever engaged in business with Sugar under the name of Roosevelt Baths & Hotel, and asserted that this was a trade name used by a

corporation known as the Kedzie Avenue Building Corporation, which corporation was the purchaser of the merchandise described in plaintiff's statement of claim.

The evidence showed that Siegel with Sugar and two other parties formed a corporation under the name of Kedzie Avenue Building Corporation, February 11, 1926, for the purpose of owning, acquiring, erecting and leasing a building which was specially equipped as a public bathhouse and hotel. There were several stores on the ground floor leased to tenants. In the summer of 1926, when the building was in the process of construction, Mr. Scherman, president of the plaintiff company, had a conversation with Siegel on the sidewalk with reference to plaintiff's selling oil for the building. Scherman testified that Siegel told him that it was a little too early, he was not ready to buy, "and so on and so forth, and that as soon as he was ready, he'd advise me to see his partner."

Siegel's version of the conversation is that while they were putting a tank under the sidewalk, Scherman came by and spoke to him with reference to oil. Siegel said he told him that Mr. Sugar was the secretary and treasurer of the company and did all the buying; that he himself had to do only with the building end of it, and that anything that was to be bought was done by Sugar; that Scherman asked Siegel what part he was taking in the matter and Siegel replied that he was president of the company. Siegel's version of the conversation was corroborated by another witness.

The court then permitted Scherman, plaintiff's president, to testify to conversations with Sugar, and the court seems to have based its conclusion that there was a partnership between Siegel and Sugar on these conversations. Siegel had by a proper plea put in issue the existence of a partnership between him and Sugar. Statements made by one of the alleged part-

ners, who was not served with summons and who did not appear in the case, are not admissible except where there is sufficient evidence to raise a fair presumption of partnership. *Conlan v. Mead,* 172 Ill. 13. In the instant case, however, there was no evidence making out a prima facie case of partnership. Siegel, supported by another witness, testified that he informed plaintiff's president of the corporation. The statements made by Sugar were incompetent. Among the cases so holding under similar circumstances are *Burt Zaiser Co. v. Claussen,* 208 Ill. App. 378; *Kennedy v. Hall,* 68 Ill. 165; *Smith v. Hulett,* 65 Ill. 495; *Montgomery v. Black,* 124 Ill. 57; *Gardner v. Northwestern Mfg. Co.,* 52 Ill. 367.

There was nothing in the surrounding circumstances to mislead plaintiff as to the identity of the buyer of the oil. The Kedzie Avenue Building Corporation rented the stores and furnished heat. The oil purchased from plaintiff was used to heat the entire building including these stores. The corporation was also engaged in conducting a bathhouse business under the trade name of the Roosevelt Baths & Hotel. The account with plaintiff showing the purchasers of oil was kept in the ledger of the Kedzie Avenue Building Corporation. Delivery of oil to the premises took place in the spring of the year following the summer of the conversation between Scherman and Siegel. There is point in the suggestion that Scherman, in his anxiety to obtain an order, commenced delivering oil to the premises without making any investigation as to who was the actual buyer.

For the reasons indicated the judgment is reversed and as the case was tried by the court, judgment that plaintiff take nothing will be entered in this court.

*Reversed and judgment of nil capiat entered here.*

O'Connor, P. J., and Matchett, J., concur.