## SOLOMON DEGAN *et al.*

*v.*

## FRANCIS SINGER.

1. PARTNERSHIP — *plea in abatement* — *non-assumpsit.* Where three persons are sued as partners, and two of them file a plea in abatement denying the partnership with the other, and admitting it as between themselves, and the third files the general issue, he thereby admits the partnership, but the admission does not affect the issue presented by the other two.

2. SAME — *plea of* — *declarations of one defendant* — *instructions.* The admissions of the defendant who filed the plea of the general issue are binding upon himself, but not upon the other defendants. They can only be bound by their own acts and declarations. Such declarations of the defendant, who had admitted the partnership, are not evidence against the others, whether supported or not by other evidence; and it is error to instruct that they are. Had the statement been made in the presence of the others, and they had not contradicted it, it would then have been for the jury to determine whether it bound the others.

APPEAL from the Circuit Court of La Salle county; the Hon. SIDNEY W. HARRIS, Judge, presiding.

This was an action of assumpsit brought by Francis Singer, in the La Salle Circuit Court, to the June Term, 1865, against Solomon Degan, Jacob Degan and Samuel Degan. The declaration complains of defendants as partners, and as such purchased of him seventeen head of cattle, at eight cents per pound, live weight, delivered at Chicago, and to be paid for on delivery. Plaintiff avers that he was ready, willing, and offered to deliver them on the 31st of March, 1865, the time specified, at Chicago, but defendants would not receive or pay for them. There were other counts which varied the statement of the agreement.

Samuel Degan filed the general issue, and Solomon and Jacob filed a plea in abatement, denying that they were partners with Samuel, but admitting they were as between themselves. Issues were formed on these pleas.

At the November Term, 1865, a trial was had before the court and a jury. On the trial plaintiff offered the statements

and admissions of Samuel to prove the partnership of all three, to which the other defendants objected, but the evidence was admitted, and an exception taken. The court also instructed the jury that his admissions, if supported by other evidence, might be considered in determining the question of partnership as laid in the declaration.

The jury found the issues for the plaintiff, and assessed his damages at the sum of $325. Defendants entered a motion for a new trial, which was overruled by the court, and judgment was rendered on the verdict. Defendants appealed and bring the case to this court and ask a reversal of the judgment.

MR. GEORGE C. CAMPBELL, for the appellants.

MESSRS. BUSHNELL & AVERY, for the appellee.

MR. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by Francis Singer against Solomon Degan, Jacob Degan and Samuel Degan, as partners, to recover damages on the breach of a contract for the purchase of seventeen head of cattle. It is claimed that they purchased the cattle at eight cents per pound, live weight, in Chicago, to be paid on delivery, but that when appellant offered to deliver the cattle, appellee refused to receive and pay for them, whereby appellee sustained damage.

Samuel Degan pleaded the general issue. Solomon and Jacob pleaded, in abatement, that they were not partners with Samuel, but were partners as between themselves, under the name of Sol. Degan & Brother. Appellee filed a replication, that they were partners with Samuel; and on this, issue was joined. A trial was had by the court and a jury, resulting in a verdict in favor of plaintiff for the sum of $325, upon which, after overruling a motion for a new trial, judgment was rendered. To reverse which this appeal is prosecuted.

The first question presented is, whether the court below admitted improper evidence. It is insisted that the statements

and admissions of Samuel Degan were not admissible under the issues as they were presented for trial. He, by filing the general issue, admitted the partnership so as to bind him, but the issue was whether the others were partners. And it is manifest that his admissions could not prove a partnership against the other defendants, any more than he could thrust himself upon them and become a partner against their will. His declarations were of course binding upon him, but not upon the other defendants. To bind them so as to affect their rights, we must look to their acts and declarations, and not those of other persons. Under these issues, the declarations of Samuel were not, of and within themselves, admissible in evidence.

It then follows, that the tenth and thirteenth modified instructions were improperly given for appellants. These declarations were not evidence, whether supported or unsupported by other testimony. If there was other evidence of a partnership, it should have been left to the jury as evidence. It is true, that, where such declarations are made in the presence of a person sought to be held as a partner, and they are not denied or contradicted, the fact that they were not becomes evidence for the consideration of a jury. But not because the admission was made by the party making the statement, but because it was not denied by the party against whom it was made. If Samuel Degan stated in the presence of his brothers that he was their partner, and they failed to contradict the statement, such fact should have been left to the jury, to determine whether their silence amounted, under the circumstances, to an admission by them, and, if such were the case, the jury might have been so informed.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*