[No. 3,026.]

## JUAN ETCHEMENDE v. ABEL STEARNS.

AFFIDAVITS NOT ADMISSIBLE IN EVIDENCE.—On the trial of an action in which the plaintiff sues two defendants as partners, and one of them denies the partnership, the plaintiff cannot, for the purpose of proving the partnership, introduce in evidence affidavits of the defendant who admits the partnership, and of other persons made for the purpose of dissolving an attachment in another action between the two defendants, it not appearing but what the persons who made the affidavits were living and within the jurisdiction of the Court, and competent witnesses.

EVIDENCE TO PROVE PARTNERSHIP.—A party who sues two persons as partners, one of whom answers, denying the partnership, cannot, to prove the partnership as against the defendant denying it, introduce in evidence an answer of the defendant admitting the partnership, filed in another case between the two defendants.

APPEAL from the District Court of the Seventeenth Judicial District, County of Los Angeles.

The plaintiff sued the two defendants on a promissory note made by Turner, who signed the names of "Stearns and Turner" to it. The complaint alleged that the defendants were partners and made the note as partners. Stearns answered, denying the partnership. Stearns had commenced an action against Turner in the same Court in which this action was brought, to recover a large sum of money alleged by him to be his due on transactions connected with the running of a flouring mill. It was in relation to this mill that the partnership was claimed to exist, and Stearns, in said action, had procured an attachment. Turner, answered, setting up that he and Stearns were partners in running the mill, and moved on this ground to dissolve the attachment, and filed affidavits in support of the motion. This case was referred to the Court Commissioner, and on the trial the plaintiff, to prove that Stearns was a partner of Turner when the note was given, offered in evidence the answer of Turner and affidavits filed in the suit of *Stearns* v. *Turner*. The defendant, Stearns, objected, and the referee overruled the

objection.    The plaintiff recovered judgment, and the defendant, Stearns, appealed.

*V. E. Howard* and *Y. Sepulveda*, for Appellant, cited *Sinclair* v. *Wood*, 3 Cal. 98, and *Smith* v. *Griffith*, 3 Hill, 336.

*Thom & Ross*, for Respondent, cited 14 John. 215; 22 Wend. 264, and 20 Wend. 81.

By the Court, RHODES, J.:

For the purpose of proving the alleged partnership between Stearns and Turner, the Court Commisssioner admitted in evidence, against the objection of the defendant, a number of affidavits which had been obtained by Turner, and filed in the case of *Stearns* v. *Turner*, for the purpose of dissolving an attachment.    The main purpose for which they were used in that case, was to prove the principal point in issue in this case—the partnership between Stearns and Turner—which is affirmed by the latter, and denied by the former.    We cannot conceive of any principle which would justify their admission under the circumstances of this case. For aught that appears in the case, all the persons who made those affidavits were living and within the jurisdiction of the Court, and in every respect competent as witnesses in this case.

The answer of Turner, which was filed in the case of *Stearns* v. *Turner*, was not admissible as against Stearns to prove the partnership.    (Coll. Part., Sec. 772.)

Judgment and order reversed, as of the day of the submission of the cause, and cause remanded for a new trial.