JOHN W. CONLEY, IMPLEADED, ETC.,

v.

EBENEZER JENNINGS ET AL.

*Partnership—Evidence to Charge One as a Partner—Declarations of Others—Instructions—Improper Modifications.*

1. Where the question at issue is whether several persons are partners, the declarations or admissions of one of them are evidence against himself only, and have no tendency to establish a partnership against the others.

2. In the case presented, it is *held:* That certain modifications of the instructions made by the court were erroneous because not based on the evidence, and because they state or imply that one may be charged as a partner, as to third persons, merely by being represented or held out by the members of the firm as such.

[Opinion filed June 8, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Messrs. MONROE & TEWKESBURY and A. B. JENKS, for appellant.

Messrs. FOLLANSBEE & O'CONNOR, for appellees.

BAILEY, J. This was a suit by attachment brought by Ebenezer Jennings and others, copartners under the firm name of E. Jennings & Co., against Warren C. Hollister and others, copartners under the firm name of Hollister, Westlake & Co., to recover upon an open account for goods, wares and merchandise sold and delivered, etc. The attachment affidavit, as also an amended affidavit subsequently filed, alleged that the firm of Hollister, Westlake & Co. was composed of Warren C. Hollister, Ellis J. Westlake and George W. Cross, and the original process was issued and the declaration filed against them. Afterward, on motion of the plaintiffs, leave was given to amend all the papers and proceedings in the cause by making John W. Conley a party defendant. Hollister, Westlake and Cross were defaulted. Conley appeared and pleaded *non assumpsit*, and also a plea verified by affidavit, denying his joint liability with the other defendants. The cause being afterward tried before the court and a jury, a verdict was rendered finding the issues for the plaintiff and assessing their damages at $2,203.92, for which sum and costs the court, after overruling Conley's motion for a new trial, gave judgment in favor of the plaintiffs. From this judgment said Conley has appealed to this court.

The sole contest at the trial was upon the issue as to whether said Conley was or was not a member of the firm of Hollister, Westlake & Co., and upon that issue a large amount of evidence was introduced by the respective parties, said evidence being directly and sharply conflicting. On this evidence, said Conley asked the court to give to the jury the following instruction, which the court refused to give as asked, but modified it by inserting therein the words in italics, and gave it to the jury so modified, viz.:

"The jury are further instructed that mere talk or consultation about the formation of a copartnership amounts to nothing in law, unless the parties agree upon and assent to some positive and certain agreement to become partners, and then act upon the same, and if the jury believe, from the evidence in his case, that the various consultations between Mr. Conley and Hollister, Westlake and Cross, or either of

them, testified to, resulted in no positive agreement on the part of Mr. Conley to enter into a partnership, *and that he did not, as a matter of fact, enter into a partnership with said persons, and, if you further believe, from the evidence, that defendant Conley was not represented to be or held out to be a partner in said firm of Hollister, Westlake & Co., by said defendants, or either of them, until after said firm ceased doing business,* then the plaintiffs can not recover as against defendant Conley."

One of the other instructions asked by said Conley was given to the jury after having been modified in substantially the same manner. These modifications were erroneous, in the first place, because there is no evidence in the record upon which they can be based. If Conley was a partner at all, he was a secret partner. In this all the witnesses agree, and there is no evidence that he was ever represented or held out by the other defendants or either of them, as a member of the firm, but the witnesses who testified that he was a partner, on the contrary, agree in testifying that his relation to the firm was kept a profound secret from all third parties.

But even if there had been evidence upon which the hypothesis introduced into the instructions by the modifications could be based, said modifications would still be clearly and manifestly erroneous. They hold, in substance, or at least by implication, that a person may be charged as a partner, as to third persons, by being merely represented or held out to be such partner by the members of the firm or any one of them.

That such is not the law is too plain for argument. Where the question is whether several persons are partners, the declarations or admissions of one of the alleged partners are evidence against himself only, and have no tendency to establish a partnership as against the others. On this subject Mr. Parsons, in his treatise on partnership, says: "An admission by one partner (the partnership or joint liability having been proved or admitted) of a fact bearing on the issue of a case at bar, is admissible evidence; so the existence of a partnership may be proved by the separate admissions of all who are sued;

or by the acts, declarations and conduct of the partners; or by the acts of one and the declarations or conduct of the others. If there be a question of partnership, the admissions of one are evidence against him, but not against the others, unless the partnership is proved." Pars. on Part. 194. So, in Degan v. Singer, 41 Ill. 28, the court, discussing the effect to be given to an admission of the partnership by one partner, say : " It is manifest that his admissions could not prove a partnership against the other defendants, any more than he could thrust himself upon them and become a partner against their will. His declarations were of course binding upon him, but not upon the other defendants. To bind them so as to affect their rights, we must look to their acts and declarations, and not to those of other persons."

We think the foregoing instructions, as modified, had a manifest tendency to mislead the jury in the decision of the question upon which the principal controversy at the trial arose, and that the error in giving them was so clearly prejudicial as to necessitate a reversal of the judgment. The judgment will, therefore, be reversed, and the cause remanded for a new trial.

<em>Judgment reversed.</em>