## William H. Bartlett et al. v. Charles E. Wilcox et al.

1. PARTNERSHIP—*Admissions by an Alleged Partner.*—The existence of a partnership must first be established before the statements and admissions of one of the parties to the supposed partnership can be heard in evidence against his alleged partners.

Assumpsit, on a special contract. Appeal from the Circuit Court of Iroquois County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

ROBERT DOYLE and W. T. PANKEY, attorneys for appellants.

FREE P. MORRIS and FRANK L. HOOPER, attorneys for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellants, partners in the grain business at Terre Haute, Indiana, against Charles E. Wilcox, Chas. M. Dazey and Chas. L. Dazey, appellees, to recover amount due appellants on certain seed oats contracts alleged to have been purchased of them by Wilcox, acting for appellees as a firm.

A trial by jury was had upon pleas of the general issue and sworn pleas denying joint liability, which resulted in a verdict for appellees, and a judgment against appellants for costs.

The following are the facts as disclosed by the record: January 9, 1891, Wilcox entered into a written agreement for one year to buy grain for appellants at Milford Station, Ill. By this agreement appellants were to advance money as required for buying grain, and Wilcox was to turn over to them all grain purchased at certain stipulated commissions.

Afterward a supplemental contract was entered into

whereby Wilcox was to let farmers in the vicinity have seed oats for the season of 1891, and take from them obligations to pay for the same with interest at eight per cent, and to sell to Wilcox all the oats marketed by them that year. A large amount of seed oats were sold in this way and many such obligations taken, and a considerable amount of other business in the grain line done by Wilcox for appellants.

On January 25, 1892, Wilcox had a settlement with appellants at Terre. Haute, in which they went over their accounts, and, Wilcox representing that he and the Dazeys were partners, a proposition was made by appellants to sell appellee the seed oats contracts. Wilcox expressed a willingness on his part to purchase, but deferred accepting until he should return home and consult with the Dazeys. On January 26th he wrote appellants that they would take the contracts without the interest.

The verdict of the jury was right, under the issue denying joint liability. Where the existence of a partnership is made an issue by sworn pleadings, and has not been established as regards a transaction, the statement of one of two or more defendants can not be heard to bind his co-defendant. Degan v. Singer, 41 Ill. 28; Hahn v. St. Clair Savings & Ins. Co., 50 Ill. 456; Montgomery et al. v. Black et al., 124 Ill. 63.

The existence of such partnership must first be established before the statements and admissions of one of the parties can be heard in evidence as against all.

The proof in this case was clearly sufficient to establish a partnership relation between Wilcox and Charles L. Dazey, but not to show that Charles M. Dazey was a partner.

In this form of action and under the pleadings upon which the issues were submitted to the jury, there could not be a finding against part and for part of the defendants.

There was no error in refusing certain instructions offered by the plaintiff.

Judgment affirmed.