OROFINO ROCHDALE COMPANY, a Corporation, Appellant, v. FRED A. SHORE LUMBER COMPANY, a Copartnership Composed of FRED A. SHORE, JOHN EARLSON and J. H. EHRMANNTRAUT, FRED A. SHORE, JOHN EARLSON and J. H. EHRMANNTRAUT, as Individuals, and JAMES W. BLAKE, Assignee of FRED A. SHORE LUMBER COMPANY, Respondents.

[252 Pac. 487.]

PARTNERSHIP—PARTNER'S LIABILITY TO CREDITOR—REPRESENTATIONS—REPUTATION OF PARTNERSHIP—EVIDENCE—ADMISSION OF PARTNERSHIP.

1. In order to create liability as partner within C. S., sec. 5828, providing that one representing himself as partner is liable to person giving credit on faith of representation, there must be proof of representations made and coming to the person extending credit on faith of which credit was given.

2. General reputation or common report cannot be shown to establish partnership relation, except in connection with duly established facts that person sought to be charged has permitted or impliedly consented to be held out as partner and that such holding out induced person extending credit to become creditor.

3. Testimony by creditor relative to alleged partner having given orders not to charge any more to partnership and that charges were thereafter made to him personally did not establish previous partnership relation, so as to create liability, within C. S., sec. 5828, before such time.

4. Admission by one of alleged partners as to existence of partnership is incompetent to prove that relation as against others.

5. Evidence, in action on account for goods sold and delivered, *held* insufficient to establish partnership relation of individual defendants.

APPEAL from the District Court of the Second Judicial District, for Clearwater County. Hon. Edgar C. Steele, Judge.

Action on account for goods sold and delivered. Judgment for plaintiff against Fred A. Shore Lumber Co.; judgment of nonsuit as to defendants Earlson, Ehrmanntraut and Blake. *Affirmed.*

Tannahill & Leeper, for Appellant.

The court erred in excluding evidence of the existence of a common report in the vicinity of the operations. (*Gaffney v. Hoyt,* 2 Ida. 199, 10 Pac. 34.)

It was error to grant motion for a nonsuit as to defendants Earlson and Ehrmanntraut, because each of them had made admissions publicly that they were partners in this venture, which was undisputed. Admissions are competent and satisfactory evidence of the existence of a partnership. (*Harrison v. Peabody,* 34 Cal. 178; *Nilsson v. McDole,* 73 Wash. 312, 131 Pac. 1141; *Cobb v. Martin,* 32 Okl. 588, 123 Pac. 422; *Anderson v. Adams,* 43 Or. 621, 74 Pac. 215; *Midgley v. Campbell Building Co.,* 38 Utah, 293, 112 Pac. 820; *Lyons v. Kitchell,* 18 N. M. 82, Ann. Cas. 1915C, 671, 134 Pac. 213.)

Aside from the admissions of partnership, there was evidence of a joint enterprise sufficient to let the case go to the

Publisher's Note.
1. See 20 R. C. L. 1067.
2. See 20 R. C. L. 1070.
4. See 20 R. C. L. 847.

See Partnership, 30 Cyc., p. 393, n. 90; p. 394, n. 93; p. 407, n. 79 New, 80, 81; p. 408, n. 82; p. 409, n. 91; p. 415, n. 28.

jury. (C. S., secs. 5818, 5819; 20 R. C. L., 823, 828, 829; *Irvine Muir Lumber Co. v. Holmes,* 26 Cal. App. 453, 147 Pac. 229; *Quinn v. Quinn,* 81 Cal. 14, 22 Pac. 264.)

Moore & Moore, for Respondent John Earlson.

One cannot be held liable as a copartner of another upon the unauthorized statements of such other person, unless the person denying the partnership has, by some act or failure to act, misled a third person to his injury, who has relied upon such representation. (*Bogue Supply Co. v. Davis,* 36 Ida. 249, 210 Pac. 577; *Drexel Furniture Co. v. Jacobs,* 169 Ark. 1211, 278 S. W. 16.)

Ostensible partnership cannot be established by general reputation and no presumption of partnership can arise from reputation alone, however long continued. (*Anfenson v. Banks,* 180 Iowa, 1066, 163 N. W. 608.)

Cox & Martin for Respondent Ehrmanntraut.

The pleading of earnings or profits for the repayment of borrowed money does not create a partnership. (*Auditorium Co. v. Barsotti,* 40 Cal. App. 592, 181 Pac. 413; *Flathead County State Bank v. Ingham,* 51 Mont. 438, 153 Pac. 1005; *Cadenasso v. Antonelle,* 127 Cal. 382, 59 Pac. 765.)

Leo McCarty and A. H. Oversmith, for Respondents Shore and Blake.

BUDGE, J.—Appellant sought by this action to obtain a judgment against the Shore Lumber Company as a partnership composed of Fred A. Shore, John Earlson and J. H. Ehrmanntraut, against the three persons named, individually, and against James W. Blake, assignee of the Shore Lumber Company, for goods sold to the company. The complaint as amended alleged that by reason of their written and spoken words and conduct, and representations made to appellant by them or with their consent, together with their having held themselves out as partners in the Shore Lumber Company, Shore, Earlson and Ehrmanntraut were estopped

to deny a partnership composed of them, appellant having relied upon said holding out and upon the faith of the representations of the parties given credit to the Shore Lumber Company. Appellant was put upon its proof, and after it had introduced evidence in support of its case and rested, the court granted motions for nonsuit by respondents Earlson, Ehrmanntraut and Blake and entered judgment thereon.

The assignments of error upon appeal deal with the action of the trial court in sustaining objections to questions propounded to certain witnesses and in striking out the answer to a question; and complain of the granting of the motions for nonsuit, it being contended that the evidence was sufficient to show a partnership relation among the parties sought to be charged.

An examination of the record with regard to the contention that the court erred in sustaining respondents' objections to certain questions asked witnesses for appellant and in striking out the answer to a certain question discloses that in each instance the questions were objectionable as leading and calling for a conclusion of the witness based upon hearsay, or immaterial, and that the answer was not responsive to the question.

C. S., sec. 5828, taken from the Uniform Partnership Act, provides, among other things, that:

"When a person, by words spoken or written, or by conduct, represents himself, or consents to another representing him to anyone, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made."

[1]   It is clear that to bring a case within the provisions of this section, under which appellant's case must stand or fall, there must be proof of representations made and coming to the person extending credit, upon the faith of which such credit was given. In other words, it must have been shown by competent evidence that the parties sought to be held to a partnership relation herein had by words spoken or written or by their conduct represented themselves or consented to another to represent them to appellant as partners, on the faith of which representations appellant had extended credit to the company, or that such representations had been made in a public manner and communicated to appellant, although without the knowledge of the parties making or consenting to the same, as a basis for the extension of credit to the company. The weakness of appellant's case is the entire absence of any evidence whereby it was shown that any information of the kind required was conveyed to appellant or its agents prior to and as a basis for the extension of credit to the Shore Lumber Company.

There is some evidence in the record that a statement was made by Earlson that he was a partner in the company, and by Ehrmanntraut that he had bought into the company, but there is no proof whatever that these statements were communicated to appellant and relied upon as an inducement to alter its position by giving credit to the Shore Lumber Company upon the faith that the the parties to whom the statements were attributed were partners in the concern.

[2]   It has come to be an almost universal rule that general reputation or common report cannot be shown to establish a partnership relation, except in connection with duly established facts that the person sought to be charged has permitted or impliedly consented to be held out as a partner and that such holding out induced the party extending credit to become a creditor of the firm. It is true the record herein shows that an officer of appellant was asked by counsel whether in extending credit to the Shore Lumber Company there had been a reliance upon the "holding out" of respondents Shore, Earlson and Ehrmanntraut as partners, but there was nothing in the record to indicate that there

ever had been a holding out of the persons named, as partners, which had been brought to the attention of appellant and that it was induced thereby to make the extension of credit. In the absence of such evidence the question obviously called for a mere statement of a conclusion and was based upon assumptions of which there was no proof. The same witness was asked if he had seen Earlson, and replied:

"I didn't, not at the beginning of this thing; I saw him after they got up there, after they had broke. He was down here and gave orders to let his brother have feed for the teams, and we would not charge to the Shore Lumber Company any more, and we charged it to him, and he paid it when they came out."

[3] The answer is a sufficient explanation in itself that at the time referred to appellant was not making further extension of credit to the Shore Lumber Company, and this testimony is of no value whatever as bearing on a possible partnership relation of respondent Earlson.

It is contended that the introduction in evidence of a note signed by respondents Shore and Ehrmanntraut and a contract executed between them tended to show that Ehrmanntraut was to receive a consideration out of the operations of the Shore Lumber Company. But here again there was a failure on the part of appellant to connect up the execution of these instruments by showing that they were known to have been executed and in existence at the time credit was given to the Shore Lumber Company and relied upon by appellant as an inducement therefor.

[4] Before the complaint was amended it alleged an actual partnership composed of Shore, Earlson and Ehrmanntraut, and the answer of Shore thereto admitted this allegation. The allegation was thereafter superseded by the amendment alleging a partnership by estoppel, but in any event the admission of Shore as to the existence of a partnership would not be competent to prove that relation as against the other parties. (*Etchemende v. Stearns,* 44 Cal. 582; *Degan v. Singer,* 41 Ill. 28.)

[5]   There being insufficient competent evidence to establish a partnership relation among any of the parties, it follows that the judgment must be affirmed, and it is so ordered, costs awarded to respondents.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.