JULIA CHAPMAN, Appellee, *vs.* THE CITY OF STAUNTON, Appellant.

*Opinion filed October 28, 1910.*

1. MUNICIPAL CORPORATIONS—*constitution prohibits damaging of private property without compensation.* Section 11 of article 13 of the constitution of 1870 prohibits not only the taking but also the damaging of private property for public use without just compensation, and such provision applies whether the damage is to a lot or building on the lot.

2. SAME—*effect where building was constructed before grade was established.* The fact that a building was constructed on a lot before any grade of the street was established does not relieve the city from liability for damages to the building, resulting from the construction of a sidewalk at a subsequently established grade.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

TRUMAN A. SNELL, City Attorney, (PEEBLES & PEEBLES, of counsel,) for appellant.

EARLY & WILLIAMSON, and J. S. CLARKE, for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Appellee, Julia Chapman, brought an action of case against the city of Staunton to recover damages resulting from the construction of a sidewalk in front of her premises. The amended count of the declaration, upon which the case was tried, avers that appellee was the owner of a lot fronting fifty feet on Main street, in the city of Staunton, upon which she had constructed a building; that at the time the building was erected the street in front of the premises was level and twenty inches lower than the level

of the first floor of the building; that afterwards the city of Staunton caused a concrete sidewalk to be constructed on the street in front of her premises thirty-four inches above the level of the street, thus raising the sidewalk fourteen inches above the first floor of the building, by means whereof the premises were damaged. A judgment for $1000 in the circuit court has been affirmed by the Appellate Court for the Third District, and the record has been brought to this court upon a certificate of importance.

At the close of appellee's evidence, and again at the close of all the evidence, appellant made its motion for a directed verdict, which motions were severally overruled, and appellant excepted. The only contention seriously insisted upon on this appeal is, that under the facts shown appellee was not entitled to recover.

It appears from the evidence that appellant has never established any grade for streets or sidewalks. The sidewalk in question was built under the direction of the city and according to the recommendations of its engineer. It is not claimed by appellee that the city was guilty of any negligence in connection with the construction of the sidewalk in question. As we understand appellant's argument, its contention is that it is only liable for any injury that may result to the lot upon which the building stands but is not liable for resulting damages to the building. Appellant's contention is, that if a lot owner erects a building on his lot where no grade has been established by the city, any consequential damages that may result to such building by the construction of a public improvement in accordance with a grade subsequently established is *damnum absque injuria.*

The rules of law applicable to the situation presented by the facts of this case have often been announced by this court. By section 11 of article 13 of the constitution of 1848 it was provided that private property should not be "taken or applied to public use without just compensation."

Under that constitution the uniform rule in this State was, that the owner of property could not recover for mere consequential damages unless there was an actual appropriation by the State or the public of all or some portion of the property injured. *Nevins* v. *City of Peoria,* 41 Ill. 502; *Gillham* v. *Madison County Railroad Co.* 49 id. 484; *City of Aurora* v. *Gillett,* 56 id. 132; *City of Aurora* v. *Reed,* 57 id. 29; *City of Jacksonville* v. *Lambert,* 62 id. 519; *Toledo, Wabash and Western Railway Co.* v. *Morrison,* 71 id. 616.

Section 13 of article 2 of the constitution of 1870 provides that "private property shall not be taken or *damaged* for public use without just compensation." After the adoption of the constitution of 1870 the case of *Rigney* v. *City of Chicago,* 102 Ill. 64, came before this court. That was an action to recover damages sustained by the plaintiff by reason of the construction by the city of a viaduct or bridge along Halsted street and across Kinzie street, in the city of Chicago, which was some 220 feet west of the plaintiff's premises. There was no claim that Rigney's possession was in any way disturbed or that any direct physical injury was done to his premises, but it was contended that his premises were depreciated in value by having his means of access to Kinzie street cut off by the public improvement. On page 74 of the opinion this court, in construing the constitution of 1870, speaking by Mr. Justice Mulkey, said: "This construction making an actual physical invasion of the property affected the test in every case, excluded from the benefits of the constitution many cases of great hardship, for, as in the present case, it often happened that while there was no actual physical injury to the property, yet the approaches to it were so cut off and destroyed as to leave it almost valueless. Under this condition of affairs the framers of the present constitution, doubtless with a view of giving greater security to private rights by affording relief in such cases of hardship where

it had before been denied, declared therein that 'private property shall not be taken *or damaged* for public use without just compensation.' The addition of the words 'or damaged' can hardly be regarded as accidental or as having been used without any definite purpose. On the contrary, we regard them as significant, and expressive of a deliberate purpose to change the organic law of the State. Nor were they used simply to conserve existing rights, as has been suggested by counsel, but, on the contrary, in our judgment they declare a new rule of civil conduct, from which spring new rights which did not exist under the constitution of 1848." The rule announced in the *Rigney* case has been frequently applied by this court since. *Chicago North Shore Street Railway Co.* v. *Payne,* 192 Ill. 239; *Aldrich* v. *Metropolitan West Side Elevated Railroad Co.* 195 id. 456; *Shrader* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 242 id. 227.

The construction of the constitution given by this court in the foregoing cases has been approved and followed by the Supreme Court of the United States. (*City of Chicago* v. *Taylor,* 125 U. S. 161.) In those States having a similar constitutional provision to that of ours the same construction has been given thereto. See *O'Brien* v. *Philadelphia,* 30 Am. St. Rep. 832, and cases collected in a note thereto.

Appellant's contention that the damages recoverable by appellee must be limited to such damages as accrued to the lot, independent of the building thereon, cannot be sustained. The owner of a lot has the right to improve the same by erecting buildings thereon, and such buildings, when erected, are as much within the constitutional guaranty against damage for public purposes as the ground upon which they stand. The provision includes damage to private property, which includes the land and whatever is attached to it. If the land and the buildings on it, or either, are damaged the constitution requires compensation

to the owner. (*Reardon* v. *City of San Francisco,* 66 Cal. 492; 56 Am. Rep. 109.) To give this constitutional provision the construction contended for by appellant would be, in effect, to deprive the property owner of all substantial benefits from it.

There are no other errors insisted upon that are open for consideration in this court.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*