William Pyle, Appellee, v. City of Ottawa, Appellant.

Gen. No. 5595.

VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Appeal from the County Court of La Salle county; the Hon. W. H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

RECTOR C. HITT, for appellant.

SNOW & HAIGHT, for appellee.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

Guthrie street runs north and south, and Glover

street east and west, in the city of Ottawa. In 1903 the defendant in accordance with a general plan, constructed a sewer on Guthrie street stopping at Glover street, which runs along the south side of plaintiff's property, and later extended on south and connected with Luther College. In the fall of that year, plaintiff connected his house with said sewer, with what is known as a running trap. From the following year to April, 1910, when this suit was brought, plaintiff's basement was flooded several times by the sewage backing into it, and damaging the property and contents of said basement. There was judgment in the trial court for plaintiff for $500 and costs; and defendant appeals.

No complaint is made of the amount of the verdict, but appellant urges that plaintiff was to blame for all the injury sustained because he did not use what is known as a back water trap instead of a running trap. The evidence shows that plaintiff repeatedly complained to the city authorities about the trouble; that the matter was referred to committees to look after, who reported their actions to the council; that at one time, at least, plaintiff offered to waive all damages if the defendant would correct the trouble, but nothing seems to have been done in the matter.

The evidence shows that the Guthrie street sewer was only a part of the plan for a general system of sewerage for the city of Ottawa, which it is not contended would not have been adequate had it been completed according to said plans, which provided for other sewers and drains west of Guthrie street to help care for some two or three hundred acres of land lying south of Glover street and east of Guthrie street and draining to the northwest. Had the original plans been carried out, we are satisfied from the evidence in this case, that plaintiff's trouble would not have occurred. Chapman v. City of Staunton, 246 Ill. 394, and authorities cited. Appellant insists that had plaintiff

used the back water trap instead of the running trap, the injury would not have occurred. He seems to have used due diligence in that matter. He employed a plumber licensed by the city, and made the connection recommended by him. We find no evidence in the record that plaintiff knew of any better device than the one installed. If the city knew of a better one, why was plaintiff, during the several years of his complaints, not advised of it?

Errors are assigned upon the giving and refusal of instructions, but in view of all the facts disclosed by the record, we think the defendant clearly liable, and that whatever errors there may have been in that respect, if any, were harmless.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*