## Consumers Company, Appellant, v. City of Chicago, Appellee.

### Gen. No. 26,861.

1. MUNICIPAL CORPORATIONS—*when change in street grade constitutes damaging private property for public use.* Any change in the grade of a street by which ingress to or egress from the private property of an owner is obstructed amounts to damaging private property for public use within the meaning of article II, sec. 13, of the Constitution of 1870, providing that private property shall not be taken or damaged for public use without just compensation.

2. MUNICIPAL CORPORATIONS—*when action for damages resulting from depression of street accrues.* The conmon-law action in question against a city to recover damages to plaintiff's property, resulting from the depression of a public street under the terms of an ordinance requiring the elevation of railroad tracks, accrued when the damage was actually sustained when the street was depressed, and not when the ordinance was passed nor when the work had so far progressed that it was possible to ascertain what the damage would probably be.

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded. Opinion filed December 19, 1921.

McKINLEY & SCHMAUCH and MATHIAS & SULLIVAN, for appellant.

SAMUEL A. ETTELSON, for appellee; GEORGE KANDLIK, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The plaintiff below sued in an action on the case for damages which it alleged it had sustained as the owner of certain real estate, situated in the City of Chicago. The damages, it was alleged, resulted from the depression of Leavitt street under the terms of an ordinance, passed by the City Council of the City of Chicago on the 27th day of June, 1910, which required the elevation of the tracks of the Chicago, Milwaukee & St. Paul Railway Company.

The defendant pleaded the general issue and the plaintiff offered evidence in support of the allegations of its declaration. At the conclusion of the testimony for plaintiff, the court, on motion of defendant, instructed the jury to return a verdict in defendant's favor, and the court entered judgment on the verdict. The principal error assigned and argued is the giving of this instruction.

The evidence for plaintiff tended to show that appellant took title to the land in question by deed June 22, 1914, and the instruction was given on the theory that the right of action had accrued prior to that time and, therefore, was in plaintiff's vendor. The declaration charged and the evidence tended to show that the real estate in question fronted to the west and north on Leavitt street, a public highway, extending north and south. The evidence also tended to show that plaintiff's predecessors in title were in possession of these premises under a lease, dated May 11, 1908, which lease provided that at the expiration thereof the lessee might remove all its buildings, fixtures and other improvements from the premises, provided it was not in default. That this lease provided for renewal thereof for a period of 5 years, and that on March 11, 1913, plaintiff secured the renewal of its lease for a period ending April 30, 1918.

The evidence also tended to show that prior to the enactment of the ordinance the grade of North Leavitt street had been established by the City of Chicago; that the plaintiff had improved the premises by constructing thereon necessary and convenient buildings, scales, driveways, sheds and switch tracks for conducting a business in coal, wood, ice and building material; that these improvements were made complete and adapted to the established grade of the streets, and that there was as thus constructed convenient and easy access to and from and between the said premises and the said streets; that the switch tracks were situated on this property at grade and connected with the main railroad tracks of the railway company to the east; that the ordinance in question changed the grades of the streets abutting said premises, required North Leavitt street to be excavated and depressed abutting the said premises, and the right of way of the railway company to be elevated to 15 feet, and that by reason of the said changes in the grade of the streets and

the depression thereof, access to and from and between the said premises and the said streets had been cut off and rendered difficult, and the premises greatly damaged.

The action was brought under the provisions of article II, section 13 of the Constitution of this State, which provides, "private property shall not be taken *or damaged* for public use without just compensation." The leading case construing this section is *Rigney v. City of Chicago,* 102 Ill. 64. It was there held that the insertion of the phrase "or damaged," in the present constitution was intended to afford redress in a class of cases for which there was no remedy under the old constitution, and that under the new constitution a remedy exists in every case where there is a direct physical disturbance or injury to the right of user or the enjoyment of private property by which the owner sustains some special pecuniary damage in excess of that sustained by the public generally, which by the common law would, in the absence of any constitutional or statutory provision, give a right of action. In several cases since decided it has been held, in substance, by the Supreme Court that any change in the grade of a street by which egress or ingress to the private property of an owner is obstructed amounts to damaging private property for public use within the meaning of said section 13 of article II, of the Constitution of 1870. *City of Chicago v. Jackson,* 196 Ill. 496; *City of Chicago v. Lonergan,* 196 Ill. 518; *Chapman v. City of Staunton,* 246 Ill. 394; *City of Bloomington v. Pollock,* 141 Ill. 346.

The question to be decided here is when does the cause of action accrue. Appellant says that the action accrued when the damage was actually sustained by the plaintiff, viz., at the time the street was depressed. The evidence tends to show that the ordinance in question provided for the elevation of the tracks of the railway company from Ashland avenue, which is about

half a mile east of the premises in question to Central Park avenue, which is about two miles west of the premises. That the general work of elevating the tracks along the right of way of the railway company from Ashland avenue to Central Park avenue began in 1913; that the construction of the retaining walls along the right of way abutting the plaintiff's property was begun in September, 1914; that the work was completed in the summer of 1915, and that the work of excavating Leavitt street was begun April 26, 1915; that the excavation of Hoyne avenue, another abutting street, was done May 1, 1915; that the tracks on Milwaukee avenue, one block west of Leavitt street were shifted in May, 1914, and the tracks on Leavitt street at the same time, and subways were built at points along the Milwaukee right of way, west of the Milwaukee avenue subway, in May, 1914. In other words, the work in general required to be done under the provisions of the ordinance was fairly well along in May, 1914, but it was not completed, and the particular work which caused the injury here sued for, viz., that of excavating and changing the grades of the street, had not yet been either begun or completed. If the action accrued upon the passage of the ordinance or if it accrued at the time it was possible to ascertain what the damage probably would be, then it must be conceded, we think, that this action accrued prior to the time when plaintiff took title to the real property.

The city admits the action would not accrue at once upon the passage of the ordinance, but contends it would accrue prior to the completion of the work, but just when is not clearly stated. In Lewis on Eminent Domain (3rd Ed.), vol. 1, sec. 340, page 618, the author says, referring to actions of this sort:

"The language of the statute may determine when the action accrues, but, in the absence of anything express in the statute, the better rule is that it accrues when the work is done, though some courts have held

that it accrues when the change is ordered.''

And in vol. 2, sec. 969, page 1716, the author says:

''The remedy for such damages is usually sought in a common-law suit, and the general statute of limitations applies. As a general rule the action accrues when the damages is sustained by the plaintiff, and not when the causes are first set in motion which ultimately produce the damage. * * * ''

*Calumet & C. Canal & Dock Co. v. Morawetz*, 195 Ill. 398; *City of Bloomington v. Pollock*, 141 Ill. 346. See also, *In re Grade Crossing Com'rs of Buffalo*, 209 N. Y. 139; *People v. Dickey*, 206 N. Y. 581.

The action here was at common law and the provision of the constitution which gives the remedy does not contain any provision from which the question can be determined; nor is it claimed that any statute is applicable. There was no direct physical obstruction or injury to the right of user or enjoyment of the property by which the owner of the property sustained damage until the work had so far progressed as to interfere with ingress or egress to or from the property. As appellant points out, the ordinance might have been so amended prior to that time as to prevent the doing of any work by which the property in question would have been injured within the meaning of the said section 13 of article II of the Constitution. We think, therefore, the reasonable rule is that the action accrues when the damage is actually sustained, and that was, as the evidence for plaintiff plainly indicated, at the time the street was depressed.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

DEVER, P. J., and McSURELY, J., concur.