(No. 19073.—

THE DICK & BROS. QUINCY BREWING COMPANY, Plaintiff in Error, *vs.* THE CITY OF QUINCY, Defendant in Error.

*Opinion filed June 19, 1929.*

ROLLA BABCOOK, for plaintiff in error.

WILLIAM SCHLAGENHAUF, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, the Dick & Bros. Quincy Brewing Company, recovered a judgment for $900 in the circuit court of Adams county against defendant in error, the city of Quincy, as damages to its property, caused by the lowering of the grade of a street in front of the property. The judgment was reversed by the Appellate Court upon the ground that it was excessive, but the case was not remanded, and it is brought to this court upon a writ of *certiorari*.

The evidence shows that plaintiff in error is the owner of eighty-two and one-half feet of land fronting on the south side of Broadway street, in the city of Quincy. On the north end of this lot, fronting on the street, is a two-story brick building and a one-story brick building. On the rear of the lot is a brick barn, used as a stable and garage, and other buildings. These buildings were built in 1867 or 1868. East of the two-story brick building is a private driveway leading from the street to the buildings in the rear. This driveway had been in existence for many years and was practically the only means of access to the buildings on the rear of the lot. In 1924 defendant in er-

ror passed an ordinance to pave this street, an assessment roll was filed containing an assessment of $540.70 against these premises, no objections were filed by plaintiff in error, and the assessment was confirmed and the street was paved. There was a sidewalk in front of the premises which was six to ten inches above the level of the street, and the first floors of the buildings were several inches above the sidewalk. The street was excavated and there is considerable conflict in the evidence as to the depth of this excavation. Plaintiff in error claims that the excavation was three or four feet deep, while the evidence on behalf of defendant in error shows that it was only twelve or fourteen inches deep. Plaintiff in error claims that the excavation was so deep that it prevented the use of the private driveway and that the value of the property was depreciated thereby.

There is considerable conflict in the evidence as to the amount of the damages. The evidence on behalf of plaintiff in error is that the property was worth from $4500 to $6000, while the evidence on behalf of defendant in error is that it was worth from $2500 to $4500. Some of the witnesses for plaintiff in error placed the damages as high as $3000, while some of the witnesses for defendant in error testified that the value of the property was enhanced by the improvement. Evidence was admitted to show that for $75 or $100 the driveway could be made accessible.

It is insisted by plaintiff in error that the verdict is not against the weight of the evidence; that plaintiff in error proved that the grade of the street was lowered and that its property was damaged thereby. Section 122 of the Practice act provides that the Supreme Court shall re-examine cases brought to it upon appeal or writ of error as to questions of law, only, and that no assignment of error shall be allowed calling in question the determination of the Appellate Court upon controverted questions of fact. Under this section of the statute this court is without power

to consider and weigh the evidence or to determine whether the amount of the judgment was excessive. *Northern Trust Co.* v. *Chicago Railways Co.* 318 Ill. 402.

Defendant in error contends that the court improperly sustained a demurrer to its third and fourth special pleas, which were based upon the theory that plaintiff in error was estopped from claiming damages for the reason that it had an opportunity to be heard on that question in the special assessment proceedings in the circuit court, and that those proceedings are a formal adjudication as to any damages sustained. Section 12 of the Local Improvement act (Cahill's Stat. 1927, p. 326,) provides for improvements which require the taking or damaging of private property for public use. Section 13 provides that when private property is to be taken or damaged, the city shall, either in the ordinance or by a subsequent order, designate some officer to file a petition in some court of record of the county, in the name of the municipality, praying that steps be taken to determine the amount of such compensation. Section 14 provides what the petition shall contain, and it provides for the appointment of two commissioners to act with the superintendent of special assessments in determining the amount of damages sustained. Section 15 provides the manner in which the report shall be made and the proceedings thereunder. The special demurrer to the special pleas set up these provisions of the statute and alleged that defendant in error failed to comply with them.

Under section 13 it was the duty of defendant in error, if private property was to be damaged, to have the damage assessed as provided by the statute. This was not done. The reason for this failure to comply with the statute does not appear from the evidence, but possibly it was because defendant in error did not consider that there were any damages. Defendant in error is in no position to set up this failure as an estoppel. An estoppel cannot be sustained by the party whose failure to act is the basis of the estop-

pel. Section 13 of article 2 of the constitution provides that private property shall not be taken or damaged for public use without just compensation, and that such compensation, when not made by the State, shall be ascertained by a jury, as prescribed by law. This constitutional provision is the supreme law and plaintiff in error had the right to its protection. If defendant in error damaged the property of plaintiff in error it was the duty of defendant in error to have the damages ascertained. If it failed to do so it cannot set up such failure as an estoppel against plaintiff in error. The demurrer to the pleas was properly sustained.

Plaintiff in error charged in each count of the declaration that its damage was on account of a change in the grade of the street from what the grade had been prior to the improvement. It is claimed by defendant in error that there is no evidence as to what the grade was before the improvement; that the burden was on plaintiff in error to show that there was some established grade prior to the improvement, and that plaintiff in error, or the former owners of the premises, erected buildings according to the established grade, which was later changed. In *City of Bloomington* v. *Pollock,* 141 Ill. 346, it was held that the power given to cities and villages to alter, grade, pave or otherwise improve their streets was a continuing power and was not exhausted by its first exercise; that an ordinance adopted under such power fixing the grades of streets was not in the nature of a contract with the owners of abutting lots; that in respect to the legal liability of a municipality for damages caused by grading its streets it was immaterial whether such grading was done under an ordinance establishing a grade in the first instance or under an ordinance changing the grade; that a city, with or without a prior ordinance, was free to establish by ordinance any grade it saw fit, subject only to the qualification that such grade was not so unreasonable as to render the ordinance void;

that since the adoption of the constitution of 1870 a city in making a public improvement, such as changing the grade of a street, is liable for damages thereby caused to private property, which may be recovered by an action at law at the suit of the owner. In *Chapman* v. *City of Staunton,* 246 Ill. 394, it was held that the fact that a building was constructed before the grade of the street was established did not relieve the city from liability for damages resulting from the construction of an improvement on a subsequently established grade. In order for plaintiff in error to recover it was not necessary to prove that a prior grade had been established.

Plaintiff in error complains that the court improperly admitted evidence tending to show that the driveway could be repaired so that it could be used at a cost of from $75 to $100. The theory of plaintiff in error was that the street was excavated to such a depth that it rendered the driveway useless and plaintiff in error was deprived of the use of the rear end of its lot, depreciating the market and rental value of the premises. Defendant in error claimed that the change in grade was slight and that repairs could be made for a very small sum so that the driveway could be used. Evidence was offered on both of these theories. The court properly submitted to the jury the question as to whether or not the driveway could be placed in as good a condition as it was prior to the improvement at small expense. The evidence was properly admitted.

Plaintiff in error offered in evidence the notice of the special assessment of $540.78 and the receipt of the city treasurer showing payment. Objection was sustained to this offer. These instruments were not material to any of the issues, and the objection was properly sustained.

The judgment was reversed by the Appellate Court on the ground that the damages were excessive, but the cause was not remanded. There was evidence fairly tending to show the damages as alleged. The damage, if any, was a

374

question of fact for the jury to determine from the evidence, and the Appellate Court was in error in reversing the judgment without remanding the cause. *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.

The judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions that it either affirm the judgment of the circuit court or reverse it and remand the cause to the trial court for a new trial.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded.*