THE CENTRAL TRUST COMPANY OF ILLINOIS, Admr., Plaintiff in Error, *vs.* O. C. HAGEN, Defendant in Error.

*Opinion filed April 17, 1930—Rehearing denied June 4, 1930.*

PRATT & ZEISS, for plaintiff in error.

SONNENSCHEIN, BERKSON, LAUTMANN & LEVINSON, (HENRY S. MOSER, and HENRY L. KOHN, of counsel,) for defendant in error.

Mr. COMMISSIONER EDMUNDS reported this opinion:

On June 10, 1926, the Central Trust Company of Illinois, administrator with the will annexed of the estate of Arthur H. Reynolds, plaintiff in error, filed suit in the municipal court of Chicago against O. C. Hagen, defendant in error, upon four promissory notes executed by him and payable to deceased, the statement of claim alleging a balance due thereon in the sum of $4989.25. The affidavit of merits filed in defense admitted $3551.70 to be due plaintiff in error and tendered that amount, with costs of suit, in full satisfaction of the claim.. On July 12, 1926, under circumstances hereinafter shown by the testimony of one of counsel for defendant in error, judgment was entered for plaintiff in error in the sum of $3551.70. Subsequently there was a trial by the court on the issue of the balance claimed, at which time defendant in error set up an alleged accord and satisfaction arising out of the proceedings in court at the time the judgment for $3551.70 was entered. The trial court found against defendant in error for the balance claimed, and on January 24, 1928, entered on this finding a further judgment against him for $1565.34. The Appellate Court reversed this latter judgment and entered a judgment of *nil capiat*. The case is here on *certiorari*.

After reciting the filing by plaintiff in error of statement of claim and affidavit showing the amount due and that the affidavit of merits thereto admitted that there was due from defendant in error the sum of $3551.70, the judgment order entered July 12, 1926, proceeds as follows:

"Wherefore, the plaintiff ought to have and recover of and from the defendant the damages sustained by reason of the premises and which are admitted by said affidavit of defense to be due the plaintiff as aforesaid, and as to the damages sustained by the plaintiff, the court, after hearing all the allegations and proofs herein submitted and being fully advised in the premises, assesses the plaintiff's damages at the sum of $3551.70. It is therefore considered by the court that the plaintiff do have and recover of and from the defendant, O. C. Hagen, the said damages of the plaintiff amounting to said sum of $3551.70 in form as aforesaid assessed, together with the costs of this suit to this date, and that execution issue therefor. The plaintiff having in open court acknowledged the payment in full to said plaintiff of the amount of the judgment in this cause, it is ordered that said judgment be and it hereby is satisfied in full of record. The court reserves for future determination and adjudication the matter of the balance of plaintiff's demand claimed in said plaintiff's affidavit of claim and the matter of whether further costs shall be allowed herein to either of the parties to this cause. It is further ordered that the court retain jurisdiction herein, and that this suit proceed as to said portion of the plaintiff's demand in dispute as if the suit had been brought therefor. On motion of the defendant it is ordered by the court that leave be and hereby is given to file amended affidavit of merits in ten days."

So far as the record discloses, defendant in error made no direct objection to this judgment order or any portion of it and preserved no bill of exceptions to show the procedure which attended its entry.

Pursuant to the leave granted, defendant in error filed an amended affidavit of merits. Therein he set up accord and satisfaction as a defense to the further claim of plaintiff in error. Motion to strike this amended affidavit of merits was overruled except as to one paragraph. When the case came on for hearing, following the general tenor of this pleading, Henry S. Moser, one of the attorneys for defendant in error, was allowed to testify, over objection, that a day or two prior to July 12, 1926, he tendered to the clerk of the municipal court $3551.70, the sum admitted by the affidavit of merits to be due, together with costs, but the clerk said he would not accept it unless ordered to do so by one of the judges of the court; that on July 12, 1926, pursuant to notice duly served upon the attorneys for plaintiff in error, witness appeared before one of the judges of the municipal court and stated to the court that he desired to make a tender of $3551.70, the amount admitted to be due, with costs, in full satisfaction of all claims and demands of plaintiff in error against defendant in error; that witness had with him that amount in legal tender and laid the money upon the bar of the court; that one of the attorneys for plaintiff in error stood beside him and stated that he refused the tender; that witness further stated to the court that he had endeavored to deposit said sum with the clerk of the court but that the clerk refused to accept it without an order of court; that witness then requested the court to enter an order directing the clerk to accept the money and handed to the court a draft order, under the terms of which the clerk was ordered to accept said sum in full for the benefit of plaintiff in error; that the court stated that having made the tender in open court it was not necessary to deposit the money with the clerk; that the tender was alive and defendant in error was fully protected; that the attorney for plaintiff in error, who was in court, then stated that he wanted judgment for the amount as admitted in the affidavit of merits; that the court thereupon

said to the clerk, "Let judgment be entered for $3551.70 and costs;" that the attorney for plaintiff in error thereupon took the money that was before him upon the bar of the court—the same money previously laid there by witness; that upon the taking of the money by the attorney for plaintiff in error the court said to the clerk, "Let an order be entered satisfying the judgment;" that the attorney for the plaintiff in error then stated that he wanted an order that the trial of the cause as to the balance should proceed. Witness further testified: "I stated that I did not believe that there was any further trial of the balance necessary—that that disposed of the case."

Defendant in error contends that this testimony established an accord and satisfaction as of July 12, 1926, and that the judgment of January 24, 1928, was therefore in error. Plaintiff in error argues that accord and satisfaction is not shown by these facts, even if the testimony establishing them may properly be given effect, but contends, as a preliminary proposition, that these matters of fact relied upon as showing the supposed accord and satisfaction are not proper to be considered by the court because they dispute the record of the lower court as written and the facts as previously adjudicated between the parties and as acquiesced in by the defendant. In our opinion this preliminary contention is well taken.

By section 55 of the Practice act (Cahill's Stat. 1929, p. 2023,) it is provided that if the plaintiff in any suit upon a contract shall file with his declaration an affidavit showing the nature of his demand and the amount due him from defendant after allowing to defendant all just credits, deductions and set-offs, he shall be entitled to judgment as in case of default unless the defendant files with his plea an affidavit that he has a good defense to the whole or a portion of plaintiff's demand, specifying the nature of such defense. The section also provides: "If the affidavit of defense is to only a portion of the plaintiff's demand, the

plaintiff shall be entitled to a judgment for the balance of his demand and the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute as if the suit had been brought therefor; but in such case the court may make such order as to the costs of the suit as may be equitable."

When the trial court entered the judgment order of July 12, 1926, it had before it pleadings which were within the direct contemplation of section 55. Plaintiff in error had filed its necessary affidavit of claim, and the affidavit of defendant in error in defense thereto was to only a portion of the demand. Plaintiff in error properly moved for judgment for the admitted balance, and under section 55 the court properly entered such judgment. Having in mind the evident purpose of section 55, it was proper for the court to take note that a further sum was claimed by plaintiff in error and by judgment order to reserve for further determination and adjudication the matter of such balance and the question whether further costs should be allowed to either party. Plaintiff in error rightfully moved for such an order and the court entered it, after, however, the court had indicated, by ordering the judgment for $3551.70 satisfied, that it was acting upon the action of counsel for plaintiff in error in taking the money from the bar of the court, that its conclusion therefrom was that counsel for plaintiff in error acknowledged the $3551.70 as payment in full of the judgment, and that its further conclusion was that such taking satisfied the judgment. Defendant in error says that, regardless of what counsel for plaintiff in error thought he was doing, as a matter of law he acknowledged the $3551.70 as payment in full not of the judgment but of the claim, and that as a matter of law such taking then and there satisfied not the judgment but the claim. Under the theory contended for by defendant in error, that as a matter of law counsel for plaintiff in error took the $3551.70 not in satisfaction of the judgment

of July 12, 1926, in that amount but of the entire claim, and that any balance had been wiped out by what had just occurred in court, the court was wrong in drawing and expressing in its judgment order form the conclusion of law that counsel for plaintiff in error acknowledged payment of the judgment, the portion of the order satisfying only the judgment as a result of this action was improper, and the final portion of the order of that date adjudicating that there remained a balance in dispute was without legal justification. If, in the words of counsel for defendant in error then and there stated, the "case" had been "disposed of" by the taking of the $3551.70 and there was therefore no necessity for "any further trial of the balance," there was no propriety in the judgment order adjudicating that the taking was in satisfaction of the judgment for $3551.70 and then holding the case open for further proceedings. In other words, if the testimony urged by counsel for defendant in error has any determining force at all, it is to show that counsel for plaintiff in error acknowledged the money not in satisfaction of the judgment for $3551.70, as held by the court and stated in the order, but of the whole claim, and that when the final portion of the order of July 12, 1926, was entered there consequently remained no issue of balance due, and the recitals and tenor of the judgment order of that date are thereby directly impeached. This cannot be permitted. It is elementary that the judgment of a court imports absolute verity. The recitals of a judgment cannot be contradicted. (*People* v. *Noonan,* 276 Ill. 430.) The record of the court cannot be impeached by the clerk, the recollection or want of recollection of the judge, or by any other evidence. (*People* v. *Lyle,* 329 Ill. 418.) For these reasons the effort of defendant in error to draw from later rulings of the same judge on the pleadings the apparent conclusion that he did not mean to adjudicate on July 12, 1926, that there was a further amount in dispute, is not well founded.

Defendant in error contends that on July 12, 1926, the trial court had before it nothing but the pleadings and heard no evidence; that therefore it had no way of determining whether there remained a *bona fide* dispute between the parties, and hence it did not adjudicate the question as to whether there was such dispute after the transactions in court that morning. We are unable to follow the contention that a court cannot determine from the pleadings of a cause that a controversy exists between the parties thereto. But in any event such contention is in no sense determining here. From counsel's own testimony it is apparent that in entering the judgment order of July 12, 1926, the court was not proceeding upon the pleadings alone. The record contains a proper judgment as of July 12, 1926, which in its terms and essence adjudicated not only that the judgment for $3551.70 was satisfied but that there remained a dispute. The presumption arises that everything necessary to sustain the judgment was duly presented to the court. (*Boyles* v. *Chytraus,* 175 Ill. 370.) We cannot on this record go behind this presumption.

Defendant in error contends further that by rule 15-*n* of the municipal court, in force on July 12, 1926, it was provided that all grounds of defense or reply not arising out of preceding pleadings must be specifically pleaded; that at the time the alleged accord and satisfaction was created on July 12, 1926, there was no affidavit on file setting forth the facts with regard to the accord and satisfaction; that the defense was not then available to defendant in error and the trial court could not take cognizance of such defense until it was specifically pleaded. This contention is answered by saying that the mere existence of such a rule does not support the contention of defendant in error. Nor is defendant in error helped by the fact that, so far as it appears from the present record, there was no affidavit of merits setting forth accord and satisfaction before the trial

court on July 12, 1926. The presumption is in favor of the legality of the judgment of the lower court, and he who insists that error has intervened in the proceedings of that court must make such error manifest by the record. (*Montgomery* v. *Black*, 124 Ill. 57.) The testimony for defendant in error tending to show accord and satisfaction therefore not being before us on this record that defense is necessarily eliminated from consideration.

In his affidavit of merits defendant in error set up a claim against deceased for office rent alleged to be due in the sum of $1425. Plaintiff in error moved to strike this portion of the affidavit from the files on the ground that no affidavit of claim of set-off had been filed, and as the claim arose out of a different transaction from that alleged in the statement of claim of plaintiff in error it was not properly set up by way of recoupment. This motion was overruled and evidence was heard on the question thus raised. Defendant in error had the burden of proof on this issue. The court found against defendant in error and for plaintiff in error and entered judgment for plaintiff in error for the balance claimed to be due on the notes. Defendant in error contends that these findings are against the weight of the evidence. Although the Appellate Court entered judgment for defendant in error, the record shows that it was based upon another angle of the case entirely and that the evidence underlying these findings was not considered. Counsel for both sides have argued in this court the question of fact thus raised by defendant in error, but in view of section 122 of the Practice act, (Cahill's Stat. 1929, p. 2032,) which provides that "the Supreme Court shall re-examine cases brought to it by appeal or writ of *certiorari* as provided in this act, from the Appellate Courts, as to questions of law only," we cannot consider this assignment. *Dick & Bros. Brewing Co.* v. *City of Quincy,* 335 Ill. 368.

The judgment of the Appellate Court is reversed and the judgment of the municipal court of Chicago is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment of Appellate Court reversed.*
*Judgment of municipal court affirmed.*