(No. 3326— )

CHARLES AND CLARA LONGDEN, Claimants, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

HOGAN & COALE, for claimants.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

Claimants, Charles Longden and Clara Longden, seek an award in the amount of $1,000.00. The complaint alleges in substance that the claimants are the owners, as joint tenants, of the property described in the complaint, and designated as 1016 East Park Street. That said property is located in the city of Taylorville, Illinois, and is improved by a frame dwelling house which is rented by the claimants and that East Park Street is the street over which State Bond Issue Route No. 48 passes through a portion of said city. That in the construction of said State Bond Issue Route No. 48 it was necessary to construct a subway under the Wabash Railroad in front of claimants' property rendering it very inconvenient and dangerous to enter claimants' property from the front or East Park Street, the appropriate place to enter said property. They allege said road construction adjacent to said property was done without compensation of any kind to them,

130

and that the doing of said act as aforesaid resulted in taking their property without due process of law and in damaging the private property of claimants for public use without compensation. That by reason of such act they claim to have been damaged in the amount of $1,000.00, and that they have no redress for said wrong except in the Court of Claims and therefore pray the consideration of the Court of Claims and a determination of the damages sustained.

The Attorney General files a motion to dismiss said complaint for the following reasons:

1. That claimants' complaint does not allege that claimants were the owners of the property alleged to have been damaged at the time of the construction which is alleged to have resulted in damage to their property.

2. That part of the property described in said complaint was dedicated by them to the respondent for public use in connection with the identical public improvement which the claimants allege to have been the cause of the damage they claim to have suffered.

Attached to said motion to dismiss is an affidavit in support of said motion by M. K. Lingle, Engineer of Claims, Division of Highways, of the Department of Public Works and Buildings of the State of Illinois and a photostatic copy of a deed of dedication duly signed, sealed, and acknowledged by the claimants as husband and wife, which is a part of the property described in said complaint, which deed of dedication is on record in the recorder's office of Christian County, Illinois, being recorded in Book 165 of Deeds, Pages 82-83, as document number 97382, bearing date of November 2, 1928.

The court has carefully examined the complaint, affidavit and photostatic copies of the purported deeds of dedication, and finds that at the time of the construction of said improvement the claimants were the owners of the property described in said complaint, and designated as 1016 East Park Street. We further find that prior to said improvement the claimants executed a deed of dedication to the respondent for a valuable consideration and that at the time of filing of the complaint herein the title to said described real estate was vested in the claimants.

A cause of action for consequential damages to property affected by a public improvement accrues when the work is done. *Chicago & Eastern Ill. R. R. Co.* vs. *McAuley,* 121 Ill.

160; *Consumers Co.* vs. *City of Chicago,* 223 Ill. App. 132; *Horney* vs. *State,* 9 C. C. R. 354; *Nierstheimer* vs. *State,* 9 C. C. R. 365.

Where owners dedicate property for public use in connection with public improvement, the law conclusively presumes that the consideration for the dedication is based, not only on the value of the land dedicated but also any damages sustained to contiguous land of the owner by reason of the improvement. *Lepski* vs. *State,* 10 C. C. R. 170; *Baber* vs. *State,* 9 C. C. R. 115; *Siekman* vs. *State,* 10 C. C. R. 286.

Examination of the photostatic copy of the deed of dedication of right-of-way for public road purposes executed by claimants prior to the commencement of said construction shows consideration of $1.00 in hand paid by the respondent and "the benefits resulting from the maintenance of the public highway, herein referred to." There is no allegation in the complaint that the respondent failed to follow the plans and specifications in constructing said improvement, and the court must presume that they were followed.

The Attorney General argues that the claimants have no right to recover in this because of the conveyance and dedication to the State by the claimants, which has the same effect as a judgment in a condemnation proceeding, and bars the claimants from a recovery, and cites *C. R. I. & Pac. Ry. Co.* vs. *Smith,* 111 Ill. 363, wherein the court said:

"We regard the deed from Burcky, for the public use of this railroad, as having the same effect upon the rights of the parties, with respect to lot 11, that a condemnation of the same land for such public use would have had—the one being a voluntary conveyance made for a public use, and the other amounting to a statutory conveyance for such use. Had this right-of-way been acquired by condemnation, Burcky would have had made to him compensation for the value of the strip of land one hundred feet wide taken, and also an assessment of all the damages to the residue of lot 11 to result from the operation of the railroad. The rule is that the appraisement of damages in a case of condemnation embraces all past, present and future damages which the improvement may thereafter reasonably produce. Mills on Eminent Domain, Sec. 216, and cases cited; *Chicago and Alton R. R. Co.* vs. *Springfield and Northwestern R. R. Co.,* 67 Ill. 142; *Keithsburg and Eastern R. R. Co.* vs. *Henry,* 79 id. 290."

As we view the record herein, no award can be allowed in this case because of the conveyance by claimants to the State of the right-of-way, that having the same effect as a condemnation of the same land for such public use would have had, the one being a voluntary conveyance made for public

132

use and the other amounting to a statutory conveyance for public use, the rule being that each or either embraces all past, present and future damages which the improvement may thereafter reasonably produce.

Under the law, the motion of the Attorney General must be sustained, and complaint dismissed, which is done accordingly.